RICHARD W. EVANS and ANNA S. EVANS, Respondents, *v..* THE KEYSTONE GAS COMPANY, Appellant.

1. GAS COMPANY — OCCUPATION OF STREET — INJURY TO NEIGHBORING PROPERTY. A gas company, lawfully occupying a street with its. mains and pipes, is bound to use its rights and to conduct its operations. so as not to inflict injury upon neighboring property.

2. LEAKAGE OF GAS — DESTRUCTION OF TREES — EVIDENCE. A verdict for the plaintiff, in an action brought to recover damages from a gas company for the destruction of shade trees, alleged to have been caused by the negligent escape of natural gas from a main in the adjacent street, is not to be deemed the result of conjecture merely, where there was evidence showing the decay and death of trees and grass in the vicinity of and coincident with the leakage of a large amount of gas, from the time the main was laid until it had been recalked, and a healthful growth after· the recalking.

3. LEAKAGE OF GAS — DESTRUCTION OF TREES — EVIDENCE. In such an action, evidence showing or tending to show that trees in the immediate vicinity upon the same street, although beyond the plaintiff's premises, were similarly and simultaneously affected, is competent upon the issue of whether escaping gas would account for the injury to the plaintiff's trees.

4. MEASURE OF DAMAGES. The rule of damages to be applied in an action to recover for the destruction of shade trees is the difference between the value of the land before and after the injury.

Reported below, 72 Hun, 503.

(Argued December 12, 1895; decided December 19, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made at the October term, 1893, which affirmed a judgment in favor of plaintiffs entered upon a verdict and also affirmed an order denying a motion for a new trial.

The defendant is a corporation engaged in the business of distributing and selling natural gas for light and fuel in the village of Olean.

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. S. Cary* for appellant. The uncontradicted evidence showing the history of this pipe, its condition, etc., furnish a complete answer to the vague inferences and conclusions which constitute the theory of plaintiffs' claim and upon which the verdict is based. (*Hunt* v. *L. G. Co.*, 1 Allen, 343.) It was conceded that defendant had a right to construct its line in the street and that the public authorities had the right to grant an appropriation of the street for that purpose. (*Milhau* v. *Sharp*, 15 Barb. 210 ; *People* v. *Kerr*, 27 N. Y. 202.) It was error to permit plaintiff to state, under objection, the condition of trees between his place and Sullivan street, a distance of 300 feet. (*S. A. R. R. Co.* v. *M. R. Co.*, 56 Hun, 182.) The rule of damages is the difference in the value of the land before and after the injury. (*Dwight* v. *E., C. & N. R. R. Co.*, 43 N. Y. S. R. 723 ; 117 N. Y. 293 ; 105 N. Y. 659.)

*Fred. L. Eaton* for respondents. The exceptions taken by the ·defendant as to the competency of plaintiff to speak as an expert on the question of value are untenable. (*Bedell* v. *Railroad Co.*, 44 N. Y. 367, 370; *Jarvis* v. *Freeman*, 25 Hun, 391, 394; *Mercer* v. *Vose*, 67 N. Y. 56, 58; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 2 N. Y. Supp. 106; *Whitbeck* v. *N. Y. C. R. R. Co.*, 36 Barb. 644; *Dwight* v. *E., C. & N. R. R. Co.*, 132 N. Y. 199.)

GRAY, J. This action was brought to recover damages of the defendant for the injury caused to shade trees belonging to the plaintiff, by the escape of natural gas from a main, or pipe, laid along the street bounding his premises. The negligence charged is that the gas main was so carelessly laid, constructed and maintained as to permit the escape of the gas in large quantities and to cause the death of the trees. Upon the trial it appeared that there were three large maple trees in front of the premises, of a diameter ranging from twelve to sixteen inches, which shaded the west end of the plaintiff's house and plot.

Plaintiff testified that, after he commenced to reside upon the premises in question, the defendant constructed this new line, for the purpose of conveying natural gas, and that, thereafter, there was a perceptible and constant escape of gas in large quantities, until the pipes were taken up and calked. He described the decay and death of his grass and trees in successive years, during the time, and how, after the calking ·of the gas line, he reset trees which lived and grew. He also testified to the effect of natural gas upon the surrounding earth in depriving it of moisture. Other witnesses corroborated him with respect to the leakage of gas, the death of trees and vegetation during the time and the dry condition of the soil near the places where the leakages were perceptible. As against this evidence the defendant sought to show that the leaks were insignificant; that the dryness of the earth about them was confined to a small area and that the plaintiff's branch pipe and lamp post were out of repair and permitted

the escape of gas. The defendant gave evidence that its line was properly constructed and kept in repair and that it had not been negligent in connection with the operation of its business. Without commenting at length upon the evidence, we feel constrained to hold that whatever the doubt which arises in the mind, as to the certainty of the loss of the shade trees being due to the leakage of gas from the defendant's main, there was enough in the facts and circumstances of the case to support the verdict which the jury rendered. It may not be altogether satisfactory; but we cannot say, as matter of law, that the injury to the plaintiff's place was not due to the causes described. The evidence was conflicting upon that question, as it was upon the condition of defendant's pipes, and permitted of opposing inferences by the jury. Their verdict cannot be said to rest upon mere surmise; for they had facts testified to, which, if they believed, would account for plaintiff's loss of his trees as he charged it to be. If we could see that the verdict could only have been reached by conjecture, we should not hesitate to reverse the judgment, upon the exception of defendant to the refusal to direct a verdict in its favor. The evidence rises to a higher level than that of speculation. The coincidence of the decay and death of vegetation with the existence of the leakage of a large amount of gas, after the laying of the new main and until its re-calking, and the fact of a healthful growth after the re-calking could be regarded by the jury, in view of all the evidence, as leading to the conclusion that the effect of the natural gas escaping in the earth and in the atmosphere was to cause the occurrences complained of.

Doubtless, the defendant was lawfully in the street; but it was bound to use its rights and to conduct its operations so as not to inflict injury upon neighboring property. If we admit the possibility of an inference from the evidence that the injury to plaintiff's property was from the causes alleged, there is no difficulty in sustaining the recovery upon the principle of law above alluded to.

The appellant says that errors were committed upon the

trial, for which the judgment should be reversed. The plaintiff was permitted to testify as to the condition of trees upon the street beyond his place, after the construction of the defendant's gas line. The objection, now insisted upon, was after the answer of the witness and went to the materiality of the evidence; but, overlooking the question of practice, we have no doubt of the admissibility of the evidence. The issue turned upon the question of whether the escaping gas would account for the injury to plaintiff's trees and any evidence showing, or tending to show, that trees in the immediate vicinity were similarly and simultaneously affected was competent. The two points for the jury to be convinced upon were; was natural gas carelessly suffered to escape from the gas main and was it the procuring cause of the destruction of vitality in vegetation. Whatever testimony bore upon these questions was admissible and tended to elucidate the matter for consideration.

The witness was asked to state the value of the trees in question. The objection was as to the competency of the witness to testify on that subject and as to the materiality of the evidence "at this stage of the case." The argument now is that the evidence was incompetent on the question of the damage. That is true and the rule in such a case as this is the difference between the value of the land before and after the injury. This rule was lately examined in the light of the authorities by the Second Division of this court, in *Dwight v. E., C. & N. R. R. Co.,* (132 N. Y. 199), and was there approved of. The court in that case held it applicable to the case of a loss of shade, or of fruit trees, and held the principle of recovery to be the damage to the realty, if any, occasioned by the removal of the trees. But the objection argued was not based upon that ground; nor was it in the slightest degree suggested. The witness, with a remarkable appreciation of the rule which governed his case, did not, at first, answer as interrogated; but responded that he " would consider his place worth $1,500 more than it is;" obviously having in mind its value with the trees as they were. When

again requested to give the value of the trees, no objection was made and then he answered responsively to the question. Subsequently, witnesses competent to speak upon the subject, gave evidence as to the value of the plaintiff's lands before the decay or death of the trees and as to its value upon the assumption of the trees being decayed or dead; thus conforming the case to the proper rule and the trial judge also so charged.

We see no justification for interfering with the recovery and the judgment of the General Term should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.