### THE WICHITA GAS, ELECTRIC LIGHT AND POWER COMPANY v. A. B. WRIGHT.

**No. 699.**   (59 Pac. 1085.)

1. DAMAGES—*Leakage of Gas*—*Injury to Vegetation*—*Evidence.*
Plaintiff below offered testimony to prove that gas permeating the
soil would destroy vegetation; to the introduction of such testi-
mony defendant objected, upon the ground that it was not based
on facts proved, or facts which the evidence tended to prove.
Evidence was introduced by plaintiff which tended to show that
the surface of the soil claimed to have been permeated by gas
was packed hard by travel over it, and was also frozen during
part of the time during which it was alleged that the gas es-
caped from defendant's pipes; that the soil at a depth of three
or four feet was sandy and loose, and that there actually was a
leak in the gas-pipe near the soil in which the vegetation destroyed
was growing.   *Held*, that there was sufficient evidence upon which
to base the testimony objected to.

2. —————— *Real Estate*—*Measure of Damages.*   Plaintiff below
sought to recover damages for injuries to his real property caused
by the destruction of certain shade-trees, shrubbery and grass
growing thereon.   *Held*, that, under the facts of the case, the
proper measure of damages was the fair market value of the prop-
erty immediately before and immediately after the injury com-
plained of.

3. —————— *Instructions.*   The instructions complained of examined,
and *held*, that they fairly state the law applicable to the facts of
the case.

Error from Sedgwick district court: D. M. DALE, judge.   Opinion filed February 19, 1900.   Affirmed.

*C. H. Brooks*, and *Thos. B. Wall*, for plaintiff in error.

*Stanley, Vermillion & Evans*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. :   A. B. Wright, defendant in error, brought this action to recover damages of the gas company, plaintiff in error, for injuries alleged to have been done to shade-trees, shrubbery, grass, etc., belonging to him, and caused, as he claimed, by the gas company negligently permitting gas to escape from one of its mains located on a street adjoining his premises. Judgment was rendered for Wright, and the gas company brings the case here.

From the testimony, it appears that Wright resided at the corner of Lawrence avenue and Eleventh street in the city of Wichita and owned the property in which he resided.   One of the gas-mains of the plaintiff in error was laid along the center of Lawrence avenue about four feet beneath the surface.   This main was about two inches in diameter.

In January, 1894, Wright notified the gas company that he detected the odor of gas about his premises, and stated that he believed there was a leak in the company's pipes in that vicinity.   An employee of the company made an examination of Wright's premises but was unable to discover any evidence of a leak in the pipes.   In February Wright again notified the company that there was evidence of a leak at or near his house.   Another search was instituted but no leak was found.

In April, after the company had for the third time been notified by Wright that he detected the odor of gas in the vicinity of his premises, the gas company uncovered a portion of the main in the street adjoining Wright's premises. A leak was then discovered and at once repaired.

The evidence also tends to show that at about the same time when the leak was discovered several shade-trees in the parking in front of Wright's house, a vine on the front porch, some rosebushes and the blue-grass in the front yard withered and died. All the vegetation that died was growing within a radius of fifty feet from the point near the center of the street where the leak was discovered.

In his petition Wright alleged that the gas company negligently permitted the gas to escape and permeate the soil of his premises, resulting in the killing of the shade-trees, shrubbery, and grass. In the same paragraph the defendant was also charged with negligently permitting gas to escape into the air in the vicinity of the plaintiff's house, to the annoyance of and injury to the health of himself and family.

Plaintiff in error complains of the action of the court in overruling its motion to require the plaintiff separately to state and number the causes of action set forth in his petition. The only attention that this specification of error requires from us is summed up in the observation that, if the court erred, such error was cured by the subsequent proceedings. The only evidence introduced at the trial of the cause was as to the damages to the property, and the court specifically instructed the jury that in determining the amount of damages they could not take into consideration the question of the disagreeable smell of the gas, nor the injury to the health of the plaintiff or his family, but

could only take into consideration, when determining such amount, the damages to the property. If, therefore, the court erred, such error was harmless.

Plaintiff in error next contends that the court erred in permitting the following testimony to go to the jury :

" Ques.  I will ask you to state to the jury, Doctor Naylor, what effect gas escaping under ground in a gas-main a sufficient length of time to permeate the soil in either direction for a distance of fifty feet or such a matter, what effect it would have upon the growing trees, shrubs and other vegetation in said area in the soil which the gas permeates?  Ans.  According to the statement of the question, the gas escaping in that way would poison the food of the plant and lead to its death."

This evidence was offered by the plaintiff to prove that gas permeating the soil would destroy vegetation, and plaintiff in error contends that it was not based upon facts proved or facts which the evidence tended to prove.  We think that plaintiff in error is mistaken. The question objected to was based upon the hypothesis that gas actually permeated the soil in which the trees, grass and shrubbery were growing.  Was there evidence to support such an hypothesis?  We think there was.  It is not denied by plaintiff in error that there was a leak in the gas-main and that the trees, grass and shrubbery claimed to have been destroyed were located within a radius of fifty feet of such leak. There was evidence tending to show that such leak had existed for nearly three months.  Testimony was introduced to show that the surface over part of the area claimed to have been permeated by the gas was packed hard by travel and that all of the surface within such area was frozen during part of the time. Evidence was also introduced to show that the soil at

a depth of three or four feet was sandy and loose, and there was direct testimony that under the conditions testified to by the witnesses gas would escape laterally beneath the ground. Considering the testimony in the light of common knowledge and experience, and applying to it ordinary powers of reasoning, the almost irresistible conclusion is that gas actually permeated the soil. We think that there was an abundance of evidence upon which to base the testimony objected to and that the court properly permitted it to go to the jury.

Plaintiff in error also contends that the court erred in admitting the testimony of certain witnesses as to the value of Wright's property before and after the injury complained of. This testimony was offered for the purpose of proving the amount of damage to the freehold. Plaintiff in error argues that the proper measure of damages was the value of the thing destroyed. In a case in which the facts were similar to those in the case at bar, this court held, under the facts presented, that the proper measure of damages was the difference between the fair market value of the property immediately before and immediately after the injury. We find nothing in the argument of counsel for plaintiff in error which convinces us that the conclusions which we have hitherto reached were wrong. See the case of *Smelting Co. v. Brown*, 8 Kan. App. 802, 57 Pac. 304.

Plaintiff in error also complains of the action of the court in giving certain instructions and in refusing to give other instructions asked by it. It is contended that the following instruction was erroneous :

" 6. You are instructed that the defendant being authorized by the authorities of the city to lay down its pipes and convey gas in and through them under

Gas Co. v. Wright.

the surface of the streets to various parts of the city, it was its duty to conduct its whole business in all its branches and in every particular with ordinary prudence and care. Care and diligence were required from the defendant to lay and maintain its pipes in such manner as that damage should not result therefrom, and the degree of diligence to be used should be determined from the danger, if any there was, in the use of such an element as gas.''

This instruction, we think, fairly states the law applicable to the facts in this case, but plaintiff in error contends that it should have been qualified by the following :

'' So far as this case is concerned, the degree of care and diligence to be exercised is to be determined by the probability and liability, if any, of escaping gas injuring growing trees and shrubbery. In other words, could the gas company reasonably have apprehended that escaping gas from such a leak as you may find existed, if any, would cause the destruction of the trees, shrubs and grass of the plaintiff ? ''

The language quoted was embodied in an instruction asked by defendant and refused by the court. It is contended that while the instruction as given by the court would apply in cases of injuries to persons or property caused by explosions of gas or to cases of injuries inflicted by asphyxiation, it would not be applicable to such cases as the one at bar, and that unless the company could reasonably have apprehended that escaping gas would cause the death of vegetation, it would not be liable. Counsel for plaintiff in error state in their brief that this is a case the like of which was never before known, but, as a matter of fact, we find many similar cases. It has ever been held that where the death of a shade-tree was coincident with the leakage of a large amount of gas from a main, and that after the main was recalked there was re-

newed growth of vegetation, such facts could be re-
garded by the jury, in view of all the evidence, as
leading to the conclusion that the effect of the gas es-
caping in the earth and in the air was to cause the
death of such shade-trees. (*Evans v. Keystone Gas Co.*,
148 N. Y. 113, 42 N. E. 513.)

The case of *Siebrecht v. The East River Gas Company*,
47 N. Y. Supp. 262, was one in which a gas-main was
laid along one side of a street, on the opposite side of
which a greenhouse was situated. A service-pipe ex-
tended across the street to a street lamp. In the
month of December, when the ground was frozen to
a considerable depth, gas escaped from the service-
pipe and was prevented by the frozen ground from
reaching the surface, in consequence of which it per-
colated through the soil until it reached the green-
house, which it entered, destroying the plants growing
therein. The leak in the pipe occurred where the
service-pipe passed underneath a street-railway, and
it was urged by the gas company that the defect was
caused by the action of the electric current upon the
pipe, eating and corroding it until the leak resulted.
It was contended that such result could not reason-
ably have been foreseen, the action of the electric
current under such circumstances being understood
only by persons versed in electrical science. The
court, in sustaining the verdict against the gas com-
pany, said :

"The obligation resting upon the defendant re-
quired the exercise of ordinary prudence and care in
the conduct of its business and in the distribution of
its gas. No fixed standard can be stated by which
ordinary care and prudence are to be ascertained. It
is always to be measured by the danger to be appre-
hended, and is, therefore, controlled by the particular
circumstances of the case. Care and prudence re-

Gas Co. v. Wright.

quired of the defendant watchfulness and vigilance commensurate with the dangerous character of the substance it was distributing, and this involves not only the careful laying of sound pipes, but also requires an efficient system of inspection, oversight, and superintendence. (*Holly v. Gaslight Co.*, 8 Gray, 123.) The rule is the same in this state, where gas companies have been held to a high degree of vigilance .in management and supervision.''

We must hold that the court did not err in giving the instruction complained of and in refusing to give the instruction asked by the defendant.

Instructions 7 and 9, complained of by plaintiff in error, have been examined by us. Considered as an entirety, the instructions are not open to the objection urged against them by plaintiff in error. The court, indeed, appears to have carefully guarded the interests of the defendant by instructing the jury that the defendant must have had notice of the leak in the pipes, and also have had a reasonable time in which to make repairs before it could be considered negligent, and so rendered liable in damages to plaintiff.

Plaintiff in error also contends that the court erred in refusing to instruct the jury that the testimony of certain witnesses as to the value of the property and the damages to same was largely a matter of opinion, and that the jury would not be bound to accept such testimony as to the amount of damages, if they found that damages had been suffered by plaintiff.

The instruction was so worded that the probable effect of giving it would be to create in the minds of the jury a prejudice against the testimony in question ; and, besides this, the jury were fairly instructed as to the weight to be given to such testimony by instruction No. 12, in which the court said :

''12. You are instructed that on the matter of

47—9 KAN. APP

damages, and the extent thereof, you are not bound to accept the judgment or testimony of any one witness on the subject. It is for you to determine the nature and extent of the damages, if any, occasioned by the alleged injury, and while it is proper for you to take into consideration the testimony of the witnesses on the subject of damages, yet it is only for the purpose of enabling you to determine the amount of damages, if any ; in other words, *you are not compelled to accept the judgment of any one witness as to the amount of damages, if any*, as this is a question for you to determine, if you find that the defendant is liable.''

We find no error in the record which requires a reversal of the case, and the judgment of the district court is therefore affirmed.