FULLERTON v. GLENS FALLS GAS & ELECTRIC LIGHT CO.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

GAS (§ 20*)—ESCAPE FROM MAINS—DESTRUCTION OF TREES—EVIDENCE—ADMISSIBILITY.

In an action against a gas company for loss of shade trees, caused by the company negligently permitting gas to escape from its mains, it was error to receive evidence of leakage at other points on the same main, which was 1,600 feet long.

[Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 16, 17; Dec. Dig. § 20.*]

Betts, J., dissenting.

Appeal from Trial Term, Warren County.

Action by Maggie Fullerton against the Glens Falls Gas & Electric Light Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Jenkins & Barker (J. H. Barker, of counsel), for appellant.
Chambers & Finn (Daniel J. Finn, of counsel), for respondent.

SMITH, P. J. This action is brought for damages for the destruction of three shade trees by the negligence of the defendant in allowing its gas to escape. In 1907 a six-inch gas main of cast iron pipe was made through First street in front of plaintiff's property.

Thereafter a leakage of gas was discovered in the plaintiff's property and upon the street. The gas leak was repaired in the spring of 1908. The plaintiff's contention is that before the repair of the gas leak three of her shade trees had been destroyed by the gas which was thus negligently allowed to escape. The first witness for the plaintiff was one Meron, who was an employé of the defendant. Upon his direct examination he was asked this question:

"After the main was laid on First street, there were a good many complaints along that street as to gas leaking?"

This was objected to as immaterial and incompetent, unless it was at this place. The objection was overruled, and an exception taken. To that question the witness answered:

"There were some. There were three or four. It was not more than that, that I know of. I cannot swear that there were not more than that. I had my men there shortly after the main was laid, and made repairs and recalked some joints. I cannot say how many. I had no record. I had to go over quite a few joints, not a majority of them. On First street there was laid something like 1,600 feet of main. All along this main there were complaints from time to time of leaks in certain places. We had to go along afterwards, after these complaints were made, and repair these leaks, wherever we did find them. Each of these leaks were in these joints."

This evidence was, I think, incompetent. Howsoever negligent the defendant may have been at other places and in front of other property, its liability in this case depends upon its negligence only in front of the plaintiff's property, in proximity to the trees that were claimed to have been destroyed. Evidence of complaints of leakage, and of leakage at other points in this 1,600 feet of gas pipe upon First street, was therefore incompetent evidence of negligent construction in front of plaintiff's property, and was most damaging evidence, and must certainly have influenced the jury in the verdict rendered. For this error we think the judgment and order must be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur, except BETTS, J., who dissents.