### ENCHES v. GLENS FALLS GAS & ELECTRIC LIGHT CO.

(Supreme Court, Appellate Division, Third Department. May 28, 1912.)

GAS (§ 20*)—ESCAPE FROM MAINS—DESTRUCTION OF TREES—EVIDENCE.

 In an action against a gas company for loss of shade trees caused by the company negligently permitting gas to escape from a main in a street, evidence of leakage of gas at other points in the main was inadmissible, in the absence of proof that such leakage caused the death of trees.

 [Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 16, 17; Dec. Dig. § 20.*]

 Betts, J., dissenting.

Appeal from Trial Term, Warren County.

Action by Ada T. Enches against the Glens Falls Gas & Electric Light Company. From a judgment for plaintiff and from an order

denying a new trial, defendant appeals.   Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Jenkins & Barker, of Glens Falls (J. A. Kellogg, of Glens Falls, of counsel), for appellant.

C. S. Enches, of Glens Falls (Edward M. Angell, of Glens Falls, of counsel), for respondent.

SMITH, P. J.   The plaintiff owns a corner lot in the city of Glens Falls, upon the corner of Fourth and South streets.   Along South street her lot extends about 82 feet.   Upon that street were four large elm trees between the sidewalk and the street.   Back from South street on the plaintiff's lot was a large oak tree about 23 feet from a gas main.   In 1907 these trees, with others on plaintiff's lot, were alive and healthy.   In that year the defendant laid a gas main in South street in front of plaintiff's premises.   It was laid from three to eight feet from the curb line.   In 1908 these five trees showed sign of decay, and in 1909 died.   It appears that shortly after the gas main laid a smell of gas was noticed strongly in front of this property.   In August, 1908, the gas company discovered a leak at the corner of plaintiff's premises, and repaired it.   The plaintiff has recovered from the jury a verdict of $500 for damages for the loss of these trees, caused it is claimed by the negligence of the defendant in permitting this leakage of gas.   From the judgment entered upon this verdict and from the order denying a motion for a new trial, this appeal has been taken.

The frequency of this class of actions leads us to say, in the first place, that in our opinion the verdict is excessive.   The destruction of shade trees undoubtedly to an extent injures the market value of property.   To a still greater extent it affects the sentimental value.   It appears by the evidence of a nurseryman, sworn in behalf of the defendant, that for $5 a young tree could be planted which would be 6 inches in diameter 4 feet above the ground and 10 or 12 feet high. It is probably a matter of common knowledge that trees much larger than that are transplanted successfully at a cost of from $10 to $25. If after the death of these trees no others could be planted, the impairment of the market value of the property might be deemed more serious.   If other trees of substantial size, however, are planted in their places, the injury to the property would be more sentimental than substantial, and the impairment of the actual sale value would come considerably below the amount named in the verdict.

It is unnecessary to determine this question, however, in the case at bar.   The witness Hull, sworn in plaintiff's behalf, was allowed to testify, over the objection of the defendant, that he had noticed leakage of gas at other places along the street.   It was not attempted to show that the leakage thus noticed caused the death of any tree, and the ruling presents the bare question as to whether it is proper to prove leakage in other places as raising an inference of leakage before the premises in question.   Against the propriety of this evidence,

this court has held, in the case of Fullerton v. Glens Falls Electric Co., 148 App. Div. 481, 132 N. Y. Supp. 995, decided in December, 1911. It may be that, for the purpose of showing the effect of gas upon trees, leakage in other places can be proven, where such leakage has been followed by the death of trees in its immediate vicinity. Such was the ruling in the case of Evans v. Keystone Gas Co., 148 N. Y. 112, 42 N. E. 513, 30 L. R. A. 651, 51 Am. St. Rep. 681. This evidence, however, should be admitted with caution, and the facts should show with reasonable certainty that the death of the trees was the result of such leakage, and the evidence should be limited in its application to prove the effect of the leakage of gas upon trees. In the case at bar, as to the leakage sworn to by the witness Hull, no attempt was made to bring the evidence within the rule of the case cited, and for this error we are of opinion that the judgment and order should be reversed, and a new trial granted. Judgment and order reversed and new trial granted, with costs to appellant to abide event. All concur, except BETTS, J., dissenting.