# ST. PAUL REALTY & ASSETS COMPANY v. TRI-STATE TELEPHONE & TELEGRAPH COMPANY.[1]

July 11, 1913.

Nos. 18,215—(234).

**Telephone line in street — limitation on right.**

1. The license conferred by R. L. 1905, § 2927, to construct and maintain a telephone line in a road or street, is not exclusive of the rights of the abutting landowner, and the rights of each must be so exercised as not unnecessarily to impinge upon, interfere with, or impede those of the other.

**Same — injury to trees.**

2. A telephone company having the right to construct and maintain a line upon the boulevard of a public street must exercise due care not to injure trees growing thereon and upon the adjacent property.

**Verdict sustained by evidence.**

3. Evidence *held* sufficient to sustain a verdict for damages to plaintiff's trees from defendant's wires and cable strung along the boulevard in front of plaintiff's premises.

**Assignments of error.**

4. Assignments of error upon refusal to instruct *held* without merit.

Action in the district court for Ramsey county to recover $2,900 for defendant's negligence in the construction and maintenance of certain telephone lines, to have defendant ordered to remove the wires, and to restrain it from further injuring the trees on the boulevard in front of plaintiff's premises. The answer was a general denial. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict of $300 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

[1] Reported in 142 N. W. 807.

Note.—As to the liability to abutting owner for mutilating trees in highway by erecting poles or stringing wires, see notes in 12 L.R.A.(N.S.) 1125 and 30 L.R.A.(N.S.) 1084.

*C. B. Randall* and *Harlan P. Roberts,* for appellant.
*Fred B. Phillips,* for respondent.

PHILIP E. BROWN, J.

Appeal by defendant from an order denying its alternative motion after verdict in favor of plaintiff for $300.

The complaint charges defendant with negligent construction and maintenance, for several years, of its telephone line along an avenue in St. Paul, whereby its wires came in contact with the branches of valuable shade trees situated on plaintiff's property and boulevard and destroyed them. Defendant admitted the construction, maintenance, and operation of the line, and denied all other claims.

1. R. L. 1905, § 2927, authorizes telephone companies to erect poles and lines in roads and streets, subject to municipal police regulation. We are not concerned in this case with the exact rights generally of those who have availed themselves of this privilege, and will confine the discussion to the principles applicable to the facts involved. This court has determined that a telephone line in a highway is not an additional servitude (Cater v. Northwestern Tel. Exch. Co. 60 Minn. 539, 63 N. W. 111, 28 L.R.A. 310, 51 Am. St. 543), but the license to construct is not exclusive, and the rights of the company must be considered in connection with those of abutting landowners, which from time immemorial have been recognized and deemed worthy of protection. Both the company and the landowner may be in lawful occupancy of the street. The abstract right of neither can be said to be superior, and each must be regardful of the rule that property rights must be so exercised as not unnecessarily to impinge upon, interfere with, or impede those of another. Evans v. Keystone, 148 N. Y. 112, 42 N. E. 513, 30 L.R.A. 651, 51 Am. St. 681; Tissot v. Great Southern etc. Co. 39 La. Ann. 996, 3 South. 261, 4 Am. St. 248; 1 Joyce, Electric Law, § 438, p. 724. Hence the duty devolves upon the company to construct, maintain, and operate its lines with due regard to the property rights of those who own and occupy lands adjacent thereto, and who also have interests in those portions of the road or street occupied by both.

This principle had been applied most frequently to the trimming

of trees, and the decisions are practically unanimous to the effect that, without regard to the question of additional servitude, the trimming must, if practically possible, be done in such manner as not to injure the trees. Wyant v. Central, 123 Mich. 51, 81 N. W. 928, 47 L.R.A. 497, 81 Am. St. 155; Tissot v. Great Southern, supra; Van Siclen v. Jamaica, 45 App. Div. 1, 61 N. Y. Supp. 210, affirmed 168 N. Y. 650, 61 N. E. 1135. "While the rights of corporations will be recognized," said the court in the Louisiana case cited, "the obligation under which they are placed, to respect those of others, must be enforced." It may be mentioned in this connection that in Louisiana a telephone line is not deemed to be an additional servitude, and the abutting owner does not own the fee in the street. See Irwin v. Great Southern, 37 La. Ann. 63. Telephone lines are erected both before and after boulevards and adjacent premises have been improved by the planting of trees, but in either case the correlative rights, duties, and obligations of the parties are measured by the rule stated.

In the present case plaintiff was the owner of the fee in the boulevard upon which its premises abutted, and where defendant erected and maintained its line, subject only to the easement of the public in the same as constituting a part of the street. Souther v. Northwestern Tel. Exch. Co. 118 Minn. 102, 108, 136 N. W. 571. Nor was the planting and maintaining of shade trees on the boulevard in itself unlawful, and if defendant unjustifiably invaded any right of plaintiff in this connection, it is liable for the resulting damage. On the other hand, the court charged that, under the circumstances disclosed, defendant was lawfully upon the street in front of plaintiff's premises, and had the right to erect its poles and string its lines and occupy the place that it did occupy on the boulevard. This must be taken to be the law of this case, and in order, therefore, to sustain a recovery it must appear that (1) defendant owed plaintiff the particular duty alleged to have been violated; and (2) did in fact violate the same; (3) the breach was the proximate cause of the injury; and (4) damage sustained therefrom. Thompson, Neg. § 3; Street, Foundations of Legal Liability, 93; Sherman & Redfield, Neg. §

8.  Plaintiff claims that all of these elements were established, while defendant contends that none were.

The evidence was sufficient, if believed, to warrant a finding by the jury, that defendant's system, where it passed plaintiff's premises, was erected on poles 60 feet high, from which were suspended 52 uninsulated wires hung upon five cross-arms, below which a number of wires were encased in a leaden sheath supported by a taut wire fastened to the poles.  The wires, unsupported except as stated, passed through and came in contact with plaintiff's trees, some of which were located within the property line and others on the boulevard, and all of which had been planted and were growing when defendant came upon the latter.  Under these circumstances, which existed for several years prior to the alleged claim of loss, the swaying of the wires abraded the bark, thus causing constant loss of sap, which, together with electrical discharges from the wires and the weight of the cable resting on the branches, injured or destroyed the trees.  It is true that the testimony concerning injury from the electrical discharges is unsatisfactory, but defendant's evidence in this regard cannot be held conclusive to the contrary, and the only province of this court is to determine whether the inferences drawn by the jury are sustainable.

Said the court in Evans v. Gas Co. 148 N. Y. 112, 115, 42 N. E. 513, 30 L.R.A. 651, 51 Am. St. 681, which was an action for injury to trees from gas escaping from a main laid in the street: "If we admit the possibility of an inference from the evidence that the injury to plaintiff's property was from the causes alleged, there is no difficulty in sustaining the recovery upon the principle of law above alluded to," referring to the rule that defendant "was bound to use its rights and to conduct its operations so as not to inflict injury upon neighboring property."

It also sufficiently appears that the use of the cable was merely for convenience, and that, if due inspection had been made, the probability of loss would have been discovered, it appearing that in the inspections made the company was unmindful of plaintiff's interests. Plaintiff was not bound to anticipate that defendant would so conduct its business as either to injure or destroy his property, and no effort

appears to have been made by defendant to avoid or minimize plaintiff's loss. Nor can we say as a matter of law that such would have occurred if defendant had exercised due care. We hold the evidence sufficient to sustain the verdict.

2. There is no merit in the assignments of error relating to the refusal to charge. The first requested instruction was not conditioned upon the proper construction and maintenance of the line, and the second has been disposed of by what we have said concerning damage to the trees by electric currents.

Order affirmed.