THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAIL-ROAD COMPANY, Appellant.

Forest preserve — damages to state lands within forest preserve from fire thereon — measure of damages and rule for ascertaining same.

The measure of damages to lands, resulting from fire thereon, is the difference between the market value of the land of which the timber was a part immediately before, and its market value immediately after the burning. Section 7 of article 7 of the State Constitution, which prohibits the selling, removing or destroying of timber on the lands constituting the forest preserve, has not prescribed any other rule as to such lands.

*People* v. *N. Y. C. & H. R. R. R. Co.*, 155 App. Div. 699, reversed.

(Argued October 12, 1914; decided November 24, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,

entered March 20, 1913, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Martin E. McClary* for appellant. The trial court erred in directing judgment for the amount of the larger verdict, to wit, $13,086. (*Dwight* v. *E., C. & N. R. R. Co.*, 132 N. Y. 199; *Masterton* v. *Mayor, etc., of Brooklyn*, 7 Hill, 62; *Rexter* v. *Starin*, 73 N. Y. 601; *Rose* v. *Butler*, 69 Hun, 140; *Milton* v. *H. R. Steamboat Co.*, 37 N. Y. 210; *Mitchell* v. *Roch. Ry. Co.*, 151 N. Y. 107; *Griffin* v. *Colver*, 16 N. Y. 494; *Murphy* v. *City of New York*, 89 App. Div. 97; *Hoffman* v. *King*, 160 N. Y. 618; *Milwaukee, etc., R. Co.* v. *Kellogg*, 94 U. S. 469.) The provision in the State Constitution, article 7, section 7, did not require or justify the direction of judgment on the larger verdict. (*People* v. *N. Y. C. R. R. Co.*, 24 N. Y. 503; *People ex rel. Balcom* v. *Mosher*, 163 N. Y. 36; *People ex rel. Killeen* v. *Angle*, 109 N. Y. 564; *People ex rel. Jackson* v. *Potter*, 47 N. Y. 375; *Prigg* v. *Pennsylvania*, 16 Pet. 539; *Stuart* v. *Palmer*, 74 N. Y. 191; *Westervelt* v. *Gregg*, 12 N. Y. 209; *Campbell* v. *Evans*, 45 N. Y. 358; *Wynehamer* v. *People*, 13 N. Y. 393; *C. C. & A. R. R. Co.* v. *Gibbs*, 142 U. S. 386.)

*Thomas Carmody, Attorney-General* (*John T. Norton* of counsel), for respondent. The stipulated rule of damages was the correct rule of damages in this case. That rule of damages was the difference in the value of the land as it was just before and as it was just after the fire. The principle of law which exacts of a plaintiff, claiming damages, the exercise of reasonable diligence and effort to reduce the injury, and the damages flowing from the injury done, has no application to this case for two sufficient reasons: (1) That element was excluded from the stipulated rule of damages; (2) reasonable

diligence and effort to reduce the injury, and its consequent damages, does not contemplate or require a violation of the Constitution, or of law. (Sedgwick on Damages [8th ed.], § 202; *Leonard* v. *N. Y., etc., Tel. Co.*, 41 N. Y. 544; *Hubbell* v. *Meigs*, 50 N. Y. 480; *Roberts* v. *White*, 73 N. Y. 375.) The damages to which the plaintiff is entitled are such as will compensate it for the loss sustained by it through the negligence of the defendant. (Sedgwick on Damages [8th ed.], §§ 29, 30.) The damages sustained by the plaintiff are not to timber with a marketable use and value, for such is not the property of the state which has been injured. The damages are to the "wild forest lands" of the state, the timber upon which has been withdrawn from sale in any market. The measure of the injury done, and of the damages flowing therefrom, is the difference in the value of the lands injured, as "wild forest lands," before the fire, and their value, as such lands, after the fire. Such was the measure of damages stipulated upon the trial. (*People* v. *N. Y. C. & H. R. R. R. Co.*, 146 N. Y. Supp. 490.)

COLLIN, J. The action is to recover the damages from the burning of lands and the timber upon them of the plaintiff through the negligence of the defendant. The question presented is whether or not the trial court erred in directing the judgment rendered at the trial.

The lands were a part of the forest preserve of the state. The finding of the jury that the defendant negligently caused the burning has been affirmed by the Appellate Division and is not here attacked. The measure of the damages upon the trial as stipulated by the parties was the difference between the market value of the lands immediately prior to the burning and their market value immediately after it. The trial court submitted to the jury in reference to the damages the two theories indicated by the two questions it required them to answer: "1. What is the amount of damages assum-

ing there would be no salvage ?   2. What is the amount
of damages assuming that the plaintiff was bound to
save what could be reasonably saved and utilized of the
trees that were killed or injured by the fire ? "   Their
answer to the first question was, " $9.00 damage per acre
amounting to $13,086.00; " to the second, " $2.00 damage
per acre amounting to $2,908." The court thereupon
directed judgment for the $13,086.00.

The embarrassment and action of the trial court were
caused by the provision of the Constitution of the state:
" The lands of the State, now owned or hereafter acquired,
constituting the forest preserve as now fixed by law, shall
be forever kept as wild forest lands. They shall not be
leased, sold or exchanged, or be taken by any corpora-
tion, public or private, nor shall the timber thereon be
sold, removed or destroyed." (Art. VII, sect. 7.) The
constitutional inhibition of the selling, removing or
destroying the timber induced the plaintiff, although
it had proven the market value of the lands, including
the value of the timber, immediately prior to the burn-
ing, to prove the value of the market value of the land
excluding the value of the killed or dead timber imme-
diately after the fire and the court to direct the judgment
for the difference in such values. In this the court erred
and in two respects: *First.* It did not apply the stipula-
tion of the parties, but in the place thereof it made as the
measure of damages the difference between the market
value of the lands with the timber thereon immediately
before the fire and the market value of the lands with-
out any of the timber remaining, but killed and desig-
nated by the trial court as "salvage," immediately after
the fire.  The fair and reasonable interpretation of the
stipulation forbade the court from giving to the words
" market value " a meaning wholly unaffected by the
Constitution when applied to the condition prior to the
fire and a meaning affected by the Constitution when
applied to the condition after the fire.  If the market value

of the lands, including the timber, measured their worth or value to the state before the fire, as the state by its evidence assumed, the diminution in that market value by the fire measured the compensatory damages sustained by the state because of it. In the language of the stipulation or the conditions under which it was made and to be enforced, there was nothing to justify the court in giving it a meaning or effect other than the natural and ordinary. *Second.* The legal and proper measure of damages was the difference between the market value of the land, of which the timber was a part, immediately before, and its market value immediately after, the burning. (*Evans* v. *Keystone Gas Co.*, 148 N. Y. 112; *Dwight* v. *Elmira, C. & N. R. R. Co.*, 132 N. Y. 199; *Disbrow* v. *Westchester Hardwood Co.*, 164 N Y. 415.) Such was the firmly-established rule when the constitutional provision was promulgated and adopted, and the people have not by constitution or statute prescribed any other. If in their judgment or intention their lands of the forest preserve have a value different from their market value, they have not declared the nature or measure of it. It may be that dead timber is useless and valueless for the purposes, within the intention of the state, of the forest preserve, but it has not enacted to that effect. While it may or may not be true that the impossibility of sale, arbitrarily imposed by the Constitution, destroys the market value, the adoption by the state of that value, in the absence of the interdiction, as a measure of valuation by the state is not illogical or incongruous. It might have prescribed another measure, but, inasmuch as it has not, we must conclusively presume that it has accepted that which the courts generally recognized and enforced.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WERNER, HISCOCK, CHASE, HOGAN and CARDOZO, JJ., concur; MILLER, J., not voting.

Judgment reversed, etc.