The action is to recover the damages from the burning of lands and the timber upon them of the plaintiff through the negligence of the defendant. The question presented is whether or not the trial court erred in directing the judgment rendered at the trial.
The lands were a part of the forest preserve of the state. The finding of the jury that the defendant negligently caused the burning has been affirmed by the Appellate Division and is not here attacked. The measure of the damages upon the trial as stipulated by the parties was the difference between the market value of the lands immediately prior to the burning and their market value immediately after it. The trial court submitted to the jury in reference to the damages the two theories indicated by the two questions it required them to answer: "1. What is the amount of damages assuming *Page 139 
there would be no salvage? 2. What is the amount of damages assuming that the plaintiff was bound to save what could be reasonably saved and utilized of the trees that were killed or injured by the fire?" Their answer to the first question was, "$9.00 damage per acre amounting to $13,086.00;" to the second, "$2.00 damage per acre amounting to $2,908." The court thereupon directed judgment for the $13,086.00.
The embarrassment and action of the trial court were caused by the provision of the Constitution of the state: "The lands of the State, now owned or hereafter acquired, constituting the forest preserve as now fixed by law, shall be forever kept as wild forest lands. They shall not be leased, sold or exchanged, or be taken by any corporation, public or private, nor shall the timber thereon be sold, removed or destroyed." (Art. VII, sect. 7.) The constitutional inhibition of the selling, removing or destroying the timber induced the plaintiff, although it had proven the market value of the lands, including the value of the timber, immediately prior to the burning, to prove the value of the market value of the land excluding the value of the killed or dead timber immediately after the fire and the court to direct the judgment for the difference in such values. In this the court erred and in two respects: First. It did not apply the stipulation of the parties, but in the place thereof it made as the measure of damages the difference between the market value of the lands with the timber thereon immediately before the fire and the market value of the lands without any of the timber remaining, but killed and designated by the trial court as "salvage," immediately after the fire. The fair and reasonable interpretation of the stipulation forbade the court from giving to the words "market value" a meaning wholly unaffected by the Constitution when applied to the condition prior to the fire and a meaning affected by the Constitution when applied to the condition after the fire. If the market value *Page 140 
of the lands, including the timber, measured their worth or value to the state before the fire, as the state by its evidence assumed, the diminution in that market value by the fire measured the compensatory damages sustained by the state because of it. In the language of the stipulation or the conditions under which it was made and to be enforced, there was nothing to justify the court in giving it a meaning or effect other than the natural and ordinary. Second. The legal and proper measure of damages was the difference between the market value of the land, of which the timber was a part, immediately before, and its market value immediately after, the burning. (Evans v. Keystone Gas Co.,148 N.Y. 112; Dwight v. Elmira, C. N.R.R. Co., 132 N.Y. 199;Disbrow v. Westchester Hardwood Co., 164 N.Y. 415.) Such was the firmly-established rule when the constitutional provision was promulgated and adopted, and the people have not by constitution or statute prescribed any other. If in their judgment or intention their lands of the forest preserve have a value different from their market value, they have not declared the nature or measure of it. It may be that dead timber is useless and valueless for the purposes, within the intention of the state, of the forest preserve, but it has not enacted to that effect. While it may or may not be true that the impossibility of sale, arbitrarily imposed by the Constitution, destroys the market value, the adoption by the state of that value, in the absence of the interdiction, as a measure of valuation by the state is not illogical or incongruous. It might have prescribed another measure, but, inasmuch as it has not, we must conclusively presume that it has accepted that which the courts generally recognized and enforced.
The judgment should be reversed and a new trial granted, with costs to abide the event.
WERNER, HISCOCK, CHASE, HOGAN and CARDOZO, JJ., concur; MILLER, J., not voting.
Judgment reversed, etc. *Page 141