HURLBUT, Appellant, vs. UNION TELEPHONE COMPANY OF
PRAIRIE DU CHIEN, Respondent.

*October 9—November 6, 1918.*

*Telephone companies: Trimming of trees without owner's consent: Damages.*

1. The owner of land in a street or of land abutting the street
is entitled to compensation for injuries to his shade trees in
the street occasioned by their being trimmed without his
consent by a telephone company; and no license from the
city to maintain the telephone system can give the right to
do such trimming.

2. Under sub. 6, sec. 1778, Stats., if there have been no condemna-
tion proceedings, a telephone company which destroys, trims,
or otherwise injures shade trees along its line without the
owner's consent is liable to the owner for treble damages.

APPEAL from a judgment of the circuit court for Craw-
ford county: GEORGE CLEMENTSON, Circuit Judge. *Re-
versed.*

Action to recover damages for injuries to plaintiff's shade
trees growing in a parkway between the sidewalk and the
curb of the street in front of plaintiff's premises in Prairie
du Chien, occasioned by their being trimmed by the de-
fendant so as not to interfere with its wires. It appears
that defendant had a license from the city of Prairie du
Chien to build and maintain its telephone lines in the streets
of the city, but it does not appear that any condemnation of
plaintiff's land was ever had. Defendant justified under
its statutory and city license only. It claimed no right
by reason of condemnation, purchase, or permission from
plaintiff to subject his premises to the additional burden of
its telephone line. The jury found (1) the telephone line
was not established at the place in question under license
from the city at the time the trees were planted; (2) the
trees grew to a height to interfere with the telephone wires
and telephone service; (3) it was necessary, in order that
the telephone might efficiently work, that the trees should
be trimmed; (4) the trimming was no more than necessary

to keep the wires in working order; and (5) it caused plaintiff damages in the sum of $35. Plaintiff moved for judgment in the sum of $105, treble damages under the statute. The defendant, among other motions, moved for judgment upon the special verdict in its favor, which motion was granted. From a judgment entered accordingly dismissing the action plaintiff appealed.

*Alexander Athey* of Prairie du Chien, for the appellant.

For the respondent there was a brief by *Munson & Curran* of Prairie du Chien, and oral argument by *M. R. Munson.*

VINJE, J. It does not appear from the record upon what ground the trial court denied plaintiff relief, but presumably it was upon the ground that the defendant's license from the city authorized it to trim the trees sufficiently to enable it to give efficient service. If that was the basis of the court's ruling it erred, because a license from a city to maintain a telephone system upon its streets gives the holder thereof no right to enter upon land within the street and commit acts injurious thereto without the consent of the owner of such land. The maintenance of a telephone line is an additional servitude to the public easement in a highway. *Krueger v. Wis. Tel. Co.* 106 Wis. 96, 81 N. W. 1041; 24 L. R. A. 721, note, and cases cited. And cities cannot empower either persons or corporations to take private property or increase a servitude without due compensation. Courts generally sustain the doctrine that the owner of land in a street or of land abutting the street is entitled to compensation for injuries to his shade trees in the street occasioned by their being trimmed without his consent by a telephone company. *Norman M. & G. Co. v. Bethurem,* 41 Okla. 735, 139 Pac. 830, 51 L. R. A. N. s. 1082 and note; *Slabaugh v. Omaha E. L. & P. Co.* 87 Neb. 805, 128 N. W. 505, 30 L. R. A. N. s. 1084; *Cartwright v. Liberty Tel. Co.* 205 Mo. 126, 103 S. W. 982, 12 L. R. A. N. s.

1125; *Brown v. Asheville E. Co.* 138 N. C. 534, 51 S. E. 62, 69 L. R. A. 631 and note; *St. Paul R. & A. Co. v. Tri-State T. & T. Co.* 122 Minn. 424, 142 N. W. 807.

This court is in accord with the doctrine announced in the cases above cited. For authorities holding the contrary view see notes to L. R. A. cases above referred to. But we need not place our decision on the common-law liability of telephone companies to respond in damages for injuries to shade trees occasioned by unpermitted trimming. Our legislature has expressly given the remedy and fixed the amount of damages recoverable. Sub. 6, sec. 1778, Stats., reads:

"Nothing contained in this section shall authorize or empower such . . . telephone . . . company or corporation, to in any manner destroy, trim or otherwise injure any shade or ornamental trees along any such lines or systems . . . except by the consent of the owner, and any person or corporation violating any of the provisions of this section shall be liable to the person aggrieved in three times the actual damage sustained besides costs."

Under the provision of this section it became the duty of the trial court to grant plaintiff's motion for judgment for treble damages.

Whether a telephone company must respond in damages for unpermitted trimming of shade trees in a case where condemnation proceedings have been had we do not decide.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff for $105 and costs.