FRANK O'GEEN, Appellant, *v.* PAVILION NATURAL GAS COMPANY, Respondent.

Fourth Department, October 8, 1931.

*Maurice Abloff* [*Julius J. Goldstein* of counsel], for the appellant.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the respondent.

PER CURIAM. About December 1, 1927, plaintiff's house and premises were invaded by a poisonous, gaseous odor by which plaintiff and members of his household were made sick and his property rendered unfit for occupancy. The same day plaintiff notified defendant gas company, whose customer he was, that there was some kind of gas there; that he could not stay in the house and to come over and shut the gas off. Defendant's superintendent immediately, and on the same day, went to plaintiff's premises, dug around the shut-off valve alongside of the sidewalk and said the odor was not its gas. The odor persisted and the same conditions continued, until on December seventeenth, twenty-second and thirtieth a physician was called for plaintiff and other members of the family, who found them suffering from gas poisoning. The physician observed the odor of illuminating gas, and told them to check up the gas. Plaintiff caused the sewer to be tested and repaired and the plumbing in his building to be replaced in a vain effort to correct the trouble. On December twenty-fourth plaintiff and family were so sick from the odor that they left the premises. On Christmas day, at plaintiff's request, defendant shut off the gas at the meter. In January, 1928, plaintiff called at his physician's office who found his condition approximately the same as upon previous visits. The odor continued until in February, 1928, when at the instance of plaintiff's employee, defendant's president and superintendent came to plaintiff's premises, and after some investigation, again decided that they could not identify their gas. Then, following consultation with, and at the suggestion of plaintiff's employee, defendant caused the ground covering its pipes to be excavated, and found a broken pipe with the consequent leak at a point about ten or fifteen feet from plaintiff's place. The break had an inch and three-quarters

opening. Defendant promptly plugged the leak, the odor instantly disappeared and has not returned.

Upon the trial of plaintiff's action against defendant for damages based upon defendant's negligence, after proofs of these facts, the trial court granted defendant's motion for a nonsuit. Plaintiff's evidence raised questions of fact upon which he was entitled to have his case submitted to the jury. (See *Evans* v. *Keystone Gas Co.*, 148 N. Y. 112; *Armbruster* v. *Auburn Gas Light Co.*, 18 App. Div. 447; affd., 162 N. Y. 655.)

The judgment should be reversed on the law and a new trial ordered, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.