### THIRD DEPARTMENT, JANUARY, 1935.

RENSSELAER COUNTY MUTUAL FIRE INSURANCE COMPANY and Others, Respondents, v. THE RUTLAND RAILROAD COMPANY, Appellant.

Judgment and order affirmed, with costs. Hill, P. J., Rhodes and Crapser, JJ., concur; Bliss, J., dissents, with an opinion; Heffernan, J., dissents, with a memorandum.

BLISS, J. (dissenting). I must respectfully dissent. The learned court below applied an improper measure of damages. (See *People* v. *New York Central & H. R. R. R. Co.*, 213 N. Y. 136, where the Court of Appeals wrote: " The legal and proper measure of damages was the difference between the market value of the land, of which the timber was a part, immediately before, and its market value immediately after, the burning. [*Evans* v. *Keystone Gas Co.*, 148 N. Y. 112; *Dwight* v. *Elmira, C. & N. R. R. Co.*, 132 N. Y. 199; *Disbrow* v. *Westchester Hardwood Co.*, 164 N. Y. 415.]) "

That is the general rule. If, however, the damage had no appreciable effect upon the value of the property as a whole, then the rule would be the value of the thing removed after separation from the freehold. (See *Hartshorn* v. *Chaddock*, 135 N. Y. 116, 131, where Judge Denis O'Brien writing for a unanimous court says: " There is no doubt that the diminution in the value of the land is the general rule for measuring the damages in an action for an injury to real property of a permanent character. But this rule is subject to some exceptions, as it would in some cases be incapable of application. If my neighbor remove from my land, by means of a trespass, a load of sand or gravel, the act might have no appreciable effect upon the value of the property as a whole, and yet I would be entitled to damages, but in that case they would be measured by the value of the sand or gravel removed, and the expense of repairing any injury caused by its removal. If buildings are injured, fences or other fixtures removed, the cost of restoring the buildings and the value of the fixtures would generally constitute complete indemnity.")

In the instant case buildings, trees suitable for lumber and fruit trees were destroyed by the fire in addition to certain personal property. I see no reason

why the general rule was not applicable. Instead of that, the plaintiffs were allowed to place a separate value on each building, separate values on the orchard before the fire and after the fire and to estimate the amount of lumber damaged by the injury of the standing trees suitable for lumber and then to place a value on the timber on the stump at so much per thousand feet of lumber.

For these reasons I vote to reverse the judgment and grant a new trial.

HEFFERNAN, J. (dissenting). I dissent and vote to reverse the judgment and order appealed from and grant a new trial on the ground that the verdict is against the great weight of the evidence and also on the ground that the trial court erred in refusing to charge, as requested by defendant, that the latter was under no duty to explain the origin or cause of any fire on any lands other than its own.