Heidi **MILLER–LAGRO,**
et al., **Appellants,**

v.

**NORTHERN STATES POWER
COMPANY, et al.,
Respondents.**

No. C2–97–168.

Court of Appeals of Minnesota.

July 8, 1997.

Ronald I. Meshbesher, Konstandinos Nicklow, Meshbesher & Spence, Ltd., Minnetonka, for Appellants.

Paul A. Banker, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, for Respondents.

Considered and decided by SHORT, P.J., TOUSSAINT, C.J., and SCHULTZ, J.*

## OPINION

SHORT, Judge.

After finding four of their shade trees cut to the ground, Heidi Miller–Lagro and Kent Lagro brought suit against Northern States Power Company and Asplundh Tree Company. On appeal from a grant of summary judgment, the Lagros argue the trial court abused its discretion in denying them a continuance and erred in granting summary judgment against them.

## FACTS

One fall evening, the Lagros came home to bad news: a notice from Northern States Power Company (NSP) attached to the garage door handle of their Medicine Lake home, announcing in bold letters that "[t]ree trimming is *REQUIRED*," and advising that "[m]aintaining proper tree clearance from the power lines is necessary." The document indicated that NSP wished to remove four mature trees (two ash and two elm) from the boulevard in front of the Lagros' house, and requested permission to do so. Because the trees were important to the Lagros for shade and privacy, Kent Lagro wrote on the form, "Trim *only what is necessary*. I don't want anything cut down," and replaced the notice on the garage door handle. He did not sign his name on the form's signature line.

Upon returning home the next day, the Lagros were stunned to find the four trees cut to the ground. They later learned that an employee of Asplundh Tree Company, which contracted to trim and remove trees for NSP (collectively, the utility), had initially trimmed the trees only as needed to safely skirt the power lines. However, the Asplundh employee cut down the trees completely, leaving the logs on the property, after allegedly receiving authorization from a man who rented an apartment in the Lagros' residence.

After the Lagros' request for tree replacement fell on wooden ears, the Lagros brought suit in conciliation court. The conciliation court dismissed the Lagros' action

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

on the basis of the utility's tree stump survey showing the trees to be within land dedicated by the subdivider for public street use. Stumped by the dismissal, the Lagros removed the case to state district court, where the utility again argued, in summary judgment proceedings, that the Lagros had no standing to sue because the trees were not on their property, but on the dedicated land. The Lagros responded to the motion without obtaining their own survey, believing Minn. Stat. § 561.04 protected their interest in the trees, irrespective of the ownership of the land. In the event the trial court found ownership of the land to be dispositive, the Lagros asked for a continuance.

The trial court denied the Lagros' motion and ordered summary judgment against them, finding the Lagros had no standing to sue the utility for their loss because the trees were not located on the Lagros' property.

## ISSUES

I.    Did the trial court abuse its discretion in refusing the Lagros a continuance to respond to the summary judgment motion?

II.    Did the trial court err in construing Minn.Stat. § 561.04 to provide a cause of action only for owners of land from which trees are wrongfully removed?

## ANALYSIS

The decision whether to grant a continuance is within the discretion of the trial court, and we will not reverse the trial court's ruling absent a clear abuse of that discretion. *Dunshee v. Douglas,* 255 N.W.2d 42, 45 (Minn.1977); *see* Minn. R. Civ. P. 56.06 (providing for continuance for nonmovant to respond to summary judgment motion). On appeal from summary judgment, this court determines whether genuine issues of material fact exist and whether the trial court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990); *see* Minn. R. Civ. P. 56.03 (setting forth trial court standard on summary judgment motion). Statutory construction presents a legal question, which we review de novo. *Hibbing Educ. Ass'n v. Public*

*Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).

## I.

Trial courts should grant continuances liberally, particularly when the non-movant has had insufficient time to conduct discovery. *Rice v. Perl,* 320 N.W.2d 407, 412 (Minn.1982); *see* Minn. R. Civ. P. 56.06 (permitting trial court to grant continuance when party opposing summary judgment cannot present facts essential to justify party's opposition). However, a party's desire to conduct discovery that could have been conducted earlier is insufficient justification for a continuance. 2A David F. Herr & Roger S. Haydock, *Minnesota Practice* § 56.35 (2d ed.1985).

The Lagros argue the trial court abused its discretion by denying them a continuance. We decline to go out on such a limb. It is undisputed the Lagros had sufficient time to obtain their own tree stump survey. However, they intentionally declined to seek expert testimony regarding the location of the trees, believing it immaterial to the application of Minn.Stat. § 561.04 (1996). The Lagros' chosen strategy necessarily included the risk that failure to obtain an opposing survey would prove fatal to their opposition of the utility's motion for summary judgment. Under these circumstances, we cannot say the trial court abused its discretion by refusing the Lagros a continuance.

## II.

The legislature supplied a statutory remedy for the wrongful removal of trees in Minn.Stat. § 561.04, which provides:

*Whoever without lawful authority cuts down or carries off any wood, underwood, tree, or timber, or girdles or otherwise injures any tree, timber, or shrub, on the land of another person, or in the street or highway in front of any person's house, city lot, or cultivated grounds, or on the commons or public grounds of any city or town, or in the street or highway in front thereof, is liable in a civil action to the owner of such land, or to such city or*

town, *for treble the amount of damages* which may be assessed therefor * * *. (Emphasis added.) The first clause of the statute provides a cause of action to the owner of land from which trees are wrongfully removed. In addition, by virtue of the provision for trees cut down "in the street or highway in front of any person's house," the statute also affords a cause of action when a wrongdoer cuts down a tree in the area dedicated to street or highway use in front of a person's house. By its plain language, Minn.Stat. § 561.04 protects the Lagros' interest in the shade trees on the boulevard in front of their residence, irrespective of whether the trees were located within the couple's property line. *See Tuma v. Commissioner of Econ. Sec.*, 386 N.W.2d 702, 706 (Minn.1986) (providing only plain language may be considered in construction of unambiguous statute).

This construction is in accord with the common law recognition of a homeowner's interest in the trees in front of his or her premises. *See St. Paul Realty & Assets Co. v. Tri–State Tel. & Tel. Co.*, 122 Minn. 424, 425–26, 142 N.W. 807, 807–08 (1913) (recognizing rights of abutting landowners and requiring utility companies to conduct tree trimming so as not to injure trees); *see also* 10A Eugene McQuillin, *The Law of Municipal Corporations* § 30.66 (3d ed.1990) (noting "[e]ven if the abutting owners do not own the fee of the street, they have a right in the nature of an easement to grow and maintain a shade tree in the street in front of their premises, and may maintain an action against a wrongdoer for injuring the tree, or removing it"); *see, e.g., Brooks v. Bess*, 135 Me. 290, 195 A. 361, 362 (1937) (recognizing adjoining landowner held title to trees growing within limits of municipal way and could maintain action for interference therewith); *Adams v. Syracuse Lighting Co.*, 137 A.D. 449, 121 N.Y.S. 762, 762 (N.Y.App.Div.1910) (concluding plaintiff stated cause of action where utility company injured trees within bounds of street in front of plaintiff's house).

Focusing on the statutory phrase "liable in a civil action to the *owner of such land*," the utility argues the statute's protection extends only to the owner of the land on which a tree is located. (Emphasis added.) However, this interpretation would make the provision for trees cut down "on the land of another person" the only operative clause in the statute, thus sapping the meaning from the disjunctive phrase "or in the street or highway in front of any person's house." *See* Minn. Stat. § 645.17(2) (1996) (creating presumption that legislature intends entire statute to be effective). The natural reading of the statutory language demonstrates that the owner of a house in front of which a tree is removed is the "owner of such land" to whom a wrongdoer may be liable. *See* Minn.Stat. § 645.08(1) (1996) (requiring judicial construction of statutes according to common and approved usage of language).

The utility also argues the Lagros' interpretation of the statute would render an absurd result, requiring it to obtain the permission of every owner whose house abuts a tree NSP wishes to trim or remove. *See* Minn. Stat. § 645.17(1) (1996) (creating presumption that legislature does not intend absurd or unreasonable result). However, this is NSP's current practice, as evidenced by the notice and permission form it provided for the Lagros' signatures. *See Twin Ports Convalescent, Inc. v. Minnesota State Bd. of Health*, 257 N.W.2d 343, 347 (Minn.1977) (examining parties' conduct as evidence of their own interpretations of law's requirements). Moreover, such a result is both firmly rooted in the common law and compelled by the statutory language. *See* Minn.Stat. § 645.16 (1996) (forbidding courts from disregarding letter of law under pretext of pursuing its spirit).

■ We conclude the trial court erred in granting summary judgment against the Lagros, because the statute affords them a cause of action for the wrongful removal of the shade trees, and there is a genuine issue whether the utility's conduct was "without lawful authority." Therefore, we reverse and remand to the trial court for further proceedings consistent with this opinion. We decline to reach the Lagros' argument concerning the ownership of the land on which the trees were located, because it was not presented to the trial court and is, thus, not properly before this court. *See Thayer v. American*

*Fin. Advisers, Inc.*, 322 N.W.2d 599, 604 (Minn.1982) (recognizing appellate courts should review only those issues presented to and considered by trial court); *see also Pomush v. McGroarty*, 285 N.W.2d 91, 93 (Minn.1979) (forbidding plaintiffs from raising new theory of recovery on appeal).

### DECISION

While the trial court did not abuse its discretion in refusing a continuance, the court erred in granting summary judgment because the Lagros have a statutorily protected interest in the shade trees located in front of their residence.

**Affirmed in part, reversed in part, and remanded.**