FRANK V. BRAHAN v. MERIDIAN HOME TELEPHONE COMPANY.

· [52 South. 485.]

MUNICIPALITIES. *Streets. Shade trees. Ownership. Right to remove. Authority not delegated. Telephone company. Code* 1906, § 4977. *Statutory penalty. Cutting trees.*

Shade trees growing between a sidewalk and a street of a municipality:—

(*a*) Belong to the owners of the abutting lots; and

(*b*) A telephone company is liable to the owner for cutting them down without his consent; and

(*c*) Under Code 1906, § 4977, providing a statutory penalty in such case, the statutory penalty may be recovered; and

(*d*) A municipality cannot authorize the company to damage or destroy them without compensating the owner; although

(*e*) It may itself remove them if they obstruct the free use of the street.

FROM the circuit court of Lauderdale county.

HON. JOHN L. BUCKLEY, Judge.

Brahan, appellant, was plaintiff in the court below; the telephone company, appellee, was defendant there. From a judgment for defendant, predicated of a peremptory instruction, the plaintiff appealed to the supreme court. The facts are sufficiently apparent from the opinion of the court.

*F. V. Brahan, pro se.*

On the undisputed facts in this record it was reversible error in the circuit court to grant the peremptory instruction to appellee.

The cases of *Cumberland Telephone Co. v. Cassedy,* 78 Miss. 666, and *Clay v. Postal Telegraph Co.,* 70 Miss. 406, are directly in point, and conclusive of this case.

*Ethridge & Ethridge,* for appellee.

The plaintiff's suit is based upon a highly penal statute and must be construed strictly, and the plaintiff saw fit to stand alone on this statute.

This highly penal statute is not applicable, as against the defendant, unless the act of the defendant was characterized by wilfulness or of neglect to take proper care and caution to avoid the trespass, if the trees were cut, etc., from the lands of plaintiff or lands which he was in possession. *Moon v. Greenwald,* 52 Miss. 434; *McClearley v. Anthony,* 54 Miss. 708; *Keirn v. Warfield,* 60 Miss. 799.

MAYES, C. J., delivered the opinion of the court.

Since the case of *Telephone Co. v. Cassedy,* 78 Miss. 666, 29 South. 762, it has been settled in this state that adjacent property owners also own the trees growing in front of their lots, and between the sidewalk and the street. Brahan is such property owner, as appears from the facts of this case, and the trees cut and trimmed were between the street and sidewalk. The above case is also authority for another proposition, and that is that no city can authorize any public service corporation, or other individual, to damage or destroy trees, so as to exempt from liability. The trees are the property of the adjacent owner as absolutely as if they grew in a forest, subject to certain rights which the municipality has in its governmental capacity, which we 'shall state; but the city cannot transfer any of its rights to any person or corporation to the detriment of the owner. The ownership of trees between the sidewalk and the street is as sacred as any other property right. Of course, the paramount purpose of the sidewalks and the streets is for a public use as such, and when trees obstruct the free use of the street the city undoubtedly has the power to carry out the paramount purpose, and trim or destroy the trees, if such action be necessary to

complete its use to the public; but this power belongs alone to the city, and can be exercised only when it seeks to make the street or sidewalk useful for its legitimate purposes.

It is difficult for us to understand why the Code of 1906, § 4977, does not apply in this case. It provides that, if any person shall cut down, deaden, destroy any tree, etc., without the consent of the owner, etc., he shall pay the statutory penalty, etc. This telephone company did those things, knowing that it did not own the trees, and never asked consent of the owner at any time. It claimed to be acting under authority of the city of Meridian; but the city of Meridian had no power to give any such authority. If the statute did not apply, under the facts of this case, it would be of little force or effect. The telephone company could have used its eminent domain powers; but it did not see fit so to do, and is therefore liable.

There should not have been a peremptory instruction for defendant, and because there was the judgment is *reversed* and cause *remanded*.