ANNIE C. SLABAUGH, APPELLEE, V. OMAHA ELECTRIC
LIGHT & POWER COMPANY, APPELLANT.

FILED NOVEMBER 16, 1910. No. 16,067.

1. **Electric Light Companies: INJURY TO TREES: LIABILITY.** In the absence of a valid legislative act or municipal ordinance granting to public service corporations authority to trim shade trees growing in the streets of metropolitan cities without compensating the abutting owner for damages thereby inflicted, and enacted before the lot owner plants trees in that part of the street contiguous to his lot, an electric light company is liable to the owner for damages accruing to his lot by reason of such trimming.

2. **Limitation of Actions: INJURY TO TREES.** In such a case, the statute of limitations does not commence to run in favor of the electric light company until it trims the trees.

APPEAL from the district court for Douglas county, ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*Weaver & Giller* and *W. W. Morsman,* for appellant.

*W. W. Slabaugh, Shotwll & Shotwell* and *C. N. McElfresh, contra.*

Root, J.

This is an action for damages caused, as alleged by the defendant, in trimming shade trees in a street and contiguous to the plaintiff's lot. The plaintiff prevailed, and the defendant appeals.

There is no conflict in the evidence. In 1884 the city council of the city of Omaha granted to the defendant's assignor a franchise to transact a general electric light business in said city, and granted said assignor a right of way upon and over the streets, alleys and public grounds in said city for the purpose of erecting and maintaining the poles, wires and appurtenances necessary for the transaction of said business. In 1895 the plaintiff purchased a lot in said city. At that time two maple trees were growing between the sidewalk and the curb line in that part of Fortieth street contiguous to said real estate. About 1902 the defendant erected poles and attached wires thereto in the line of said trees in said street. At that time the wires were suspended above the trees. Subsequently limbs of the trees grew up to, among and above said wires and interfered therewith. In 1908 the building inspector of said city gave the defendant permission to trim the trees, and, without the plaintiff's knowledge or consent, its servants cut off the limbs within the center of the head of the trees some 15 feet below the tops thereof, thereby damaging them and depreciating the value of the plaintiff's property. The plaintiff charges that the defendant acted maliciously, unlawfully and wilfully in trimming her trees. The court instructed the jury that, if they found from a preponderance of the evidence that the defendant by trimming said trees damaged the plaintiff's lot, they should find in her favor.

The defendant does not argue that the damages are excessive, but its counsel contend that the evidence does not establish that the defendant acted maliciously or unlawfully, nor prove that the plaintiff's trees were trimmed more severely than was necessary to enable the defendant

to safely and successfully convey currents of electricity over its wires, and for these reasons the defendant is not liable for such damages as the plaintiff may have suffered. The defendant admits that the plaintiff's grantor had the right to plant, and she had the authority to maintain, the trees in question, but that the defendant also had authority to construct and maintain its poles and wires in said streets, and that the individual's right to maintain the trees is at all times subordinate to a superior authority on the part of the defendant to trim or remove them whenever such action might become necessary in the construction or maintenance of its electric light plant. It is further argued that, since the defendant's right to use the street was granted in 1884, the plaintiff's cause of action accrued at that date and the statute of limitations bars a recovery in the instant case.

1. It may be conceded that the proof fails to establish that the defendant's servants acted maliciously in trimming the plaintiff's trees, and yet there is sufficient evidence to support the verdict. The allegations with respect to malice and unlawful acts were and are immaterial; they could have been stricken from the petition, and were properly ignored by the court in its charge to the jury. The city of Omaha holds title to its streets and alleys in trust for the benefit of the public. *Jaynes v. Omaha Street R. Co.*, 53 Neb. 631. The city council had authority to grant the defendant's assignor a right of way over the streets and alleys in the city for the construction and maintenance of the poles and wires in question, and the use of those streets for that purpose is a public use. *City of Plattsmouth v. Nebraska Telephone Co.*, 80 Neb. 460. If the defendant had the right under its franchise to trim the plaintiff's trees, but in the exercise of that authority it damaged her property, it should respond in damages under section 21, art. I of the constitution, which reads: "The property of no person shall be taken *or damaged* for public use without just compensation therefor." *Harmon v. City of Omaha*, 17 Neb. 548; *City of Platts-*

*mouth v. Boeck,* 32 Neb. 297; *City of Omaha v. Flood,* 57 Neb. 124; *Jaynes v. Omaha Street R. Co.,* 53 Neb. 631; *Bronson v. Albion Telephone Co.,* 67 Neb. 111; *Brown v. Asheville Electric Co.,* 138 N. Car. 533, 69 L. R. A. 631; *State v. Graeme,* 130 Mo. App. 138; *Daily v. State,* 51 Ohio St. 348.

The defendant's counsel argue with great force and learning that the owner of plaintiff's lot at the time the trees were planted was charged with notice that in the proper use of said street for a public purpose it might become necessary to trim or even remove the trees, and her property rights therein are subject to the greater right of the public, and that the defendant stands in the shoes of the public with respect to the acts referred to in the petition. There is no proof in the record that the city council of the city of Omaha ever enacted an ordinance for the purpose of controlling the planting or maintenance of shade trees upon the streets of said city, or providing that such trees might be trimmed or removed whenever they interfered with the public service, and without compensation to the lot owner, or that said trees were planted subject to any ordinance other than one directing that limbs of shade trees shall not be permitted to grow within a certain distance of the sidewalks in said city, nor is there any proof that the plaintiff in maintaining her trees in the condition in which they existed before defendant trimmed them violated any ordinance of the city. The defendant, therefore, must justify under the terms of its franchise and the constitution of the state. An application of the fundamental law to the record in this case amply supports the judgment of the district court.

2. To the argument that the plaintiff's cause of action arose in 1884, it is sufficient to say the owner of the plaintiff's lot could not know at that time that the defendant would erect the poles and string the wires in question, nor could the plaintiff have known when the wires were strung that defendant would years thereafter trim her trees, and thereby damage her property. It was feasible

to remove such wires to the alley, and it was possible they would be placed in conduits beneath the surface of the street before the necessity might arise for trimming the trees. The plaintiff's cause of action arose when her property was damaged, and the statute does not bar that action.

The judgment of the district court is right, and is

AFFIRMED.

LETTON, J., concurring in conclusion.

I concur in the affirmance, but do not agree to much that is said in the opinion. The petition alleges a wilful and malicious cutting, breaking, and injury of plaintiff's trees and damage to her property. The answer pleads defendant's franchise, and that it was necessary to trim the trees in order to carry on its business. The evidence for the plaintiff clearly showed a reckless and wanton mutilation of the trees. This evidence was not contradicted, nor was any proof offered to show that the wholesale cutting was reasonably necessary. The fact of the existence or nonexistence of malice as charged is immaterial. With the issues and proof in this condition, the verdict was justified. The court instructed the jury properly as to the measure of damages, and the general instructions as to the right of plaintiff to recover damages could not, under the proofs in this case, prejudice the defendant. The wires when erected were above and clear of the trees, and the growth of the trees extended the limbs among the wires. Under these circumstances I think the defendant had the right to trim the trees so often and to the extent that was reasonably necessary to exercise its franchise, but that this right should have been exercised in such a manner as to inflict as little injury as possible to the property; that if it neglected for years to trim and thus allowed the growth of large limbs the removal of which would mutilate and damage the trees, it would be liable for such damages to the property rights of the tree owner as might be thereby occasioned.

I am further of opinion, to quote the language of the opinion in *Southern Bell Telephone & Telegraph Co. v. Francis,* 109 Ala. 224, 31 L. R. A. 193, that, "if the city or other corporation invested with the right of eminent domain, acting under municipal authority, proceeds to cut or trim trees planted on a sidewalk by the owner of abutting property under lawful authority, when no necessity for such cutting exists, or when the cutting clearly exceeds the necessity, and consequential injury results therefrom to such abutting property, the owner will have his appropriate remedy at law to redress the injury."

REESE, C. J., concurring.

I concur in the affirmance of the judgment of the district court. I do not believe that any corporation or person has any higher right to the property of another than has the owner himself, even though that corporation or person be in the enjoyment of a "franchise," or it be what is known as a "public service" corporation or person. The fact that the city has conferred upon defendant the right to use the streets for its poles and wires—and that is all there is of the so-called franchise—does not give it the right to injure or destroy the property of others without compensation any more than it gives a private individual the right to destroy or injure the property of his neighbor which happens to be in his way or renders the enjoyment of his own any the less. The trees were rightfully growing on and in connection with plaintiff's property at the time the alleged franchise was granted. According to the usual course of nature, those trees would grow *up*. As well might defendant have chopped them down in anticipation of their natural upward growth as to wait until they had become more valuable, and then, without consent or payment and by the force and authority of *might,* practically ruin them. The rights of *persons* ought to be held just as sacred as the rights of *property,* and of the single individual as sacred as those of the multitude.

SEDGWICK, J., dissenting.

The city has title to its streets, as stated in the majority opinion, and can, of course, regulate and control the use of the streets in planting and maintaining trees therein and in the use of poles and wires for public service. It is said in the opinion that the council had authority to grant a right of way over the streets for these poles and wires, and that the use of the streets for that purpose is a public use, and "if the defendant had the right under its franchise to trim the plaintiff's trees, but in the exercise of that authority it damaged her property, it should respond in damages under section 21, art. I of the constitution, which reads: 'The property of no person shall be taken *or damaged* for public use without just compensation therefor.'"

This, it seems to me, fails to decide the questions presented. Did the defendant have the right to occupy the space which the city had allowed it to take under its franchise to the exclusion of all except the city? If it did, should the plaintiff have prevented her trees from infringing upon that space, and, if she neglected that duty, would she thereby become a trespasser? If the defendant found the animals or trees of others trespassing upon its property and so injuring the service, would it have the right to remove such encroachments in a reasonable and prudent manner? These are the questions, as it appears to me, that ought to be decided in this case. If the defendant had a right to the space it occupied, and for that reason had the right to prevent the plaintiff from crowding into that space with her trees, the trimming of the trees is not taking or damaging them for public use any more than if the city should trim them to prevent them from interfering with the use of the sidewalk. As well hold that to drive trespassing animals from the capitol grounds would be damaging them for public use. It might, of course, be a great damage to them if they could not obtain feed elsewhere, but the act of driving them away

would not be within the constitutional prohibition. I understand the above language quoted from the majority opinion to mean that the court intends to hold that, because the original location of the lines and poles along this street cast an additional burden upon the adjacent property, therefore each trimming of the trees from time to time, to prevent their infringing upon these lines and poles, will be an additional damage or taking of the property for public use. I think I ought to protest against such holding.

If the occupation of the space in the street allotted to defendant and the proper maintenance of its lines and poles within that space to the exclusion of the owner of the adjacent lots in any way affected and lessened the value of the lots, damages to the lots so caused might be claimed or waived when the lines and poles were located and the burden thereof cast upon the adjacent lots. Afterwards damages caused by any improper or unlawful use of the space appropriated or by negligent or malicious conduct on the part of defendant in the use of its property and rights could be recovered by the party injured, but not damages caused by the original occupation of the street and the lawful use of the franchise and location granted to defendant by the city. Damages caused by the original location of the lines and poles or that necessarily resulted therefrom are presumed to have been received or waived at the time of the appropriation of the space allotted by the city for that purpose.