WILLIAM R. STOCKING ET AL., APPELLEES, V. CITY OF LINCOLN, APPELLANT.

FILED MAY 17, 1913. No. 17,050.

1. **Municipal Corporations: STREETS: CHANGE OF GRADE: DAMAGES.** Where the record contains no competent evidence to show that the grade of a street had been established prior to the time a city grades a street from its natural to a lower grade, the city will be liable to an abutting lot owner for any damage inflicted upon him by such change of grade.

2. ———: ———: ———: ———. And in such a case the removal, or destruction of, or damage to, trees planted by the lot owner or his grantors, and growing upon that part of the street contiguous to his lot, is a proper element of damages so far as it may affect the difference in the value of the property before and after its change of grade.

3. **Appeal: INSTRUCTIONS: EVIDENCE.** No prejudicial error is found in the instructions given or in the denial of requests for instructions made by counsel for the defendant, and the evidence is examined, and found to support the verdict and judgment.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Fred C. Foster, D. H. McClenahan, C. C. Flansburg* and *L. A. Flansburg,* for appellant.

*George W. Berge* and *C. J. Campbell, contra.*

HAMER, J.

This is an action by the owners of lot 20, in block 5, in Vine street addition to the city of Lincoln, for damages to their property caused by the grading of Vine and Twenty-third streets, in said city. The lot in question is on the northwest corner of the intersection of said streets, and the property faces south. Vine street runs east and west along the south end of the property, and Twenty-third street runs north and south on the east side of the plaintiffs' lot. The plaintiffs became the owners of the property on or about the 11th day of September, 1907. The grading in question was done by the city in 1910. The record shows that plaintiffs' trees growing between the curb and the lot line on Vine and Twenty-third streets were dug up and removed, the sidewalk space was lowered from 3 to 5 feet below the surface of the lot, and the plaintiffs sustained other damages by reason of the grading in question. There was a trial to a jury, and a verdict against the city, on which judgment was rendered for the plaintiffs for $425. The city appeals.

It is contended that the evidence is insufficient to sustain the verdict. Ida Leinberge testified that after the excavation was made the lot at the intersection of Twenty-third and Vine streets was about 5 feet higher than the street. Her evidence is sustained by the testimony of William R. Stocking and T. J. Hensley, the street commissioner, the latter fixing the distance at $4\frac{1}{2}$ feet. The testimony concerning the damage done is in direct conflict. An examination of the record fails to disclose any negligence on the part of the city in the manner of doing the work. The grading done seems to have been necessary. It was also necessary to lower the sidewalk. The witness Ida Leinberge testified that, in order to lower the side-

walk, it was necessary to remove the trees. The assistant engineer, Bates, testified on behalf of the city that the grade as made· is the proper grade, that the sidewalks were left in good condition after the city completed its work. His testimony as to the grading and cutting down of the sidewalk space does not vary in substance from that given by the witnesses for the plaintiffs.

It is claimed by counsel for the appellant that there was error at the trial, because the court admitted evidence which allowed the jury to consider damages to improvements by reason of the grading of Vine street and Twenty-third street, and the lowering of the sidewalk space, and digging up and removing the trees. It is the defendant's contention that "no· damages can be allowed, as the city was the owner of the street in fee, and that the trees were the property of the city." As we understand the matter, it is this: When the grading and lowering of the sidewalk space has been done, what is the damage, if any, to the plaintiffs? Section 21, art. I of the constitution, reads: "The property of no person shall be taken or damaged for public use without just compensation therefor."

In *City of Omaha v. Flood,* 57 Neb. 124, it was held that, where property fronting on a public street is damaged by the method or manner adopted by the authorities of a municipal corporation in permanently grading such street, the corporation is liable to the owner of such property for such damages. In such case the owner's measure of damages is the depreciation in value of his property caused by the construction and permanent maintenance of the grade.

In *Bronson v. Albion Telephone Co.,* 67 Neb. 111, it was held that, where an abutting owner has planted trees along the street adjacent to his property, under the terms of a city ordinance pursuant to statutory provisions, a telephone company which removes, destroys, or injures such trees in erecting poles and wires under its franchise is liable for the resulting damage, even though no unnecessary injury is inflicted. In the body of the opinion

in that case it is said: "The right of an abutting owner to maintain shade trees upon or overhanging the sidewalk is general and well recognized."

In *Slabaugh v. Omaha Electric Light & Power Co.*, 87 Neb. 805, this court held that the electric light company was liable to the abutting lot owner who plants trees in that part of the street contiguous to his lot for all damages accruing to the lot by reason of trimming and injuring the trees. Chief Justice REESE in concurring said: "The trees were rightfully growing on and in connection with plaintiff's property at the time the alleged franchise was granted. According to the usual course of nature, those trees would grow up. As well might defendant have chopped them down in anticipation of their natural upward growth as to wait until they had become more valuable, and then, without consent or payment and by the force and authority of *might,* practically ruin them. The rights of *persons* ought to be held just as sacred as the rights of *property,* and of the single individual as sacred as those of the multitude." LETTON, J., in concurring in the conclusion said, among other things: "I am further of the opinion, to quote the language of the opinion in *Southern Bell Telephone & Telegraph Co. v. Francis,* 109 Ala. 224, 31 L. R. A. 193, that, 'if the city or other corporation vested with the right of eminent domain, acting under municipal authority, proceeds to cut or trim trees planted on a sidewalk by the owner of abutting property under lawful authority, when no necessity for such cutting exists, or when the cutting clearly exceeds the necessity, and consequential injury results therefrom to such abutting property, the owner will have his appropriate remedy at law to redress the injury.' "

In *Hammond v. City of Harvard,* 31 Neb. 635, this court said: "It was formerly held, in accordance with some part of the instructions given in the case, that, 'when a city, in the reasonable exercise of an authority, under its charter, establishes a grade for its streets, and works them accordingly, there being no provision of law for the payment

54

of damages, no action will lie.' This was the law in 1873, and was so held in the case of *Nebraska City v. Lampkin,* 6 Neb. 27. But the constitution of 1875, now in force, provided a different rule. The text of section 21 of the bill of rights now is that 'the private property of no person shall be taken or damaged for public use without just compensation therefor.' "

It is proper to remark that not all the states contain that clause of the Nebraska constitution relating to the liability incurred because property is "damaged" by the act complained of.

In *O'Brien v. Philadelphia,* 150 Pa. St. 589, 30 Am. St. Rep. 832, the question of law reserved was: "Whether a plaintiff who has built a house upon his lot in conformity with the existing physical grade of an old and open public highway can recover damages from the city of Philadelphia for depreciation in the value of the property occasioned by changing the *de facto* physical elevation of the highway in front of the lot to conform to a plan regulation legally confirmed after the building of the house, said plan being the first regulation of grade and differing from the *de facto* physical elevation of the old highway in front of the lot." There was judgment for the plaintiff on the verdict. The court said: "If any regard is to be had for the constitutional mandate that 'municipal and other corporations * * * shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements,' we are at a loss to see how the learned judge could do otherwise than decide the reserved question as he did. Nobody conversant with the history of the constitutional provision above quoted can entertain any doubt that it was intended to provide, *inter alia,* for the class of cases of which *O'Connor v. Pittsburgh,* 18 Pa. St. 187, is a conspicuous example. It has uniformly been so regarded from the date of its adoption until the present time. It is a fact conclusively established by the verdict that, as a direct consequence of the elevation of grade immediately

in front of plaintiff's property, its market value was less-
ened at least to the extent of $240; but it is gravely sug-
gested that 'such a *damnum* is not necessarily in *injuria;*'
and hence plaintiff is remediless.    That principle has no
application to the class of cases to which this belongs.    To
hold that it has would defeat one of the objects of the con-
stitutional mandate in question, and virtually overrule
several well-considered cases.    We do not propose to do
either.    *    *    *    Again, in *New Brighton Borough v.
Peirsol,* 107 Pa. St. 280, the claim was by a lot owner for
a second change of grade after he purchased the lot.    That
court, holding that he was entitled to recover, said: 'The
claim now is for change of grade made since defendant in
error purchased, and for damages sustained by work done
since the adoption of the constitution.'    In *Ogden v. City
of Philadelphia,* 143 Pa. St. 430, the claim was for damages
caused by grading North street.    After stating the undis-
puted facts were 'that the first grade    *    *    *    was estab-
lished on the city plan in 1871, but nothing was done on
the ground until 1887,' our brother Mitchell says: 'For
the establishment of the grade of 1871 there was no right
of action.    *O'Connor v. Pittsburgh,* 18 Pa. St. 187; *City
of Philadelphia v. Wright,* 100 Pa. St. 235.    Therefore
the statute of limitations could not begin to run from that
date.    But the constitution of 1874, art. XVI, sec. 8, gave
a right to the owners to have compensation for property
injured, as well as for property taken, by municipal and
other corporations in the construction or enlargement of
their works.    The right of action which this section gives
is clearly for the actual establishment of the grade on the
land.    The general rule is that the cause of action arises
when the injury is complete, and this has been uniformly
applied to the taking of property for public use, from the
case of *Schuylkill Navigation Co. v. Thoburn,* 7 Serg. &
Rawle (Pa.) *411, down to the present day.' "

When the property of an abutting owner is damaged by
the establishment of a grade of a street for the first time,
changing it from the natural grade, such property is

"damaged" within the meaning of the constitution, as much as it is by reason of lowering the grade of the street as previously established. *Werth v. City of Springfield,* 78 Mo. 107; *Hutchinson v. City of Parkersburg,* 25 W. Va. 226; *Sheehy v. Kansas City Cable R. Co.,* 94 Mo. 574, 4 Am. St. Rep. 396; *Borough of New Brighton v. United Presbyterian Church,* 96 Pa. St. 331; *Hendricks' Appeal,* 103 Pa. St. 358.

Defendant further contends that plaintiffs acquired title to the lot in question since the grade of Vine street was established, and therefore that they cannot recover for damages to their improvements, and, in support of that contention, *City of Omaha v. Williams,* 52 Neb. 40, is cited. As we view the record, the city failed to show by any competent evidence that a grade had been legally established on that portion of Vine street abutting on the plaintiffs' lot at any time prior to the time the grading in question was done. It follows that the rule contended for has no application to the facts of this case.

We have examined the instructions given, as also the requests for instructions which were denied, and the other errors alleged. We are unable to find any alleged error which seems to us to be prejudicial to the rights of the defendant. We are unable to say that the verdict of the jury is wrong. It was upon a conflict of evidence, and apparently the evidence fully sustains it. The judgment of the district court is

AFFIRMED.

SEDGWICK and LETTON, JJ., concur in conclusion.