Town of Durant *v.* C. R. Castleberry.

[64 South. 657.]

Municipal Corporations. *Streets. Removal of shade trees.*

Municipalities may, in proper cases, remove shade trees from the streets without incurring any liability, although the abutting owner may be damaged by their removal, if the removal of the trees was reasonably necessary in order to improve the highway. If the removal of the trees was unnecessary and arbitrary, the owner would be entitled to recover damages for their removal.

APPEAL from the circuit court of Holmes county.

HON. E. V. HUGHSTON, Special Judge.

Suit by C. R. Castleberry and wife against the town of Durant. From a judgment for plaintiff, defendant appeals.

This case is appealed from the circuit court of Holmes county. The plaintiffs, Mr. and Mrs. C. R. Castleberry, were tenants of a residence on lot 268 in the town of Durant; the defendant, a municipality operating under the Code chapter. Mr. T. R. King, the father of Mrs. Castleberry, was the owner of the lot and residence. The lot fronted and abutted on a street. The sidewalk in front of the residence was a strip of ground five or six feet in width. The sidewalk had been left for that purpose, and had been accepted and worked by the town for a number of years. About the center of said sidewalk, and twenty feet from the house, there grew two large oak trees, one of which was about three and one-half feet in diameter and the other about three feet in circumference. W. O. Glines was the street commissioner of said town, and under the direction of the mayor and board of aldermen employed and directed one M. H. Taylor to cut down said trees, because, as contended by the town, the trees as they were situated obstructed the walk; the sidewalk not being over six feet in width.

Plaintiffs brought suit against the town, claiming compensation in the sum of two thousand dollars for damages to the house and to the household effects and for the loss of the trees, which were valuable for ornament and shade. Plaintiffs alleged that there was carelessness and negligence in the felling of said trees and that they were cut over their protest. There was no allegation of maliciousness or wantonness. Defendant pleaded the general issue, and gave notice that it would prove that it was reasonably necessary to cut said trees, to make the walk safe and convenient for passage, and that they were a serious obstruction on the sidewalk.

Plaintiffs introduced evidence to show that the trees were cut without their consent, and over their objection; that they were carelessly and negligently cut; that they sustained damages. Defendant offered evidence tending to show that there was no objection by plaintiffs to the cutting of said trees; that reasonable care was observed in the cutting; that they were an obstruction on the sidewalk, and it was reasonably necessary to cut them to make the sidewalk safe and convenient.

*H. H. Elmore,* for appellant.

The question is simple and within a narrow compass; can a municipality acting in good faith remove trees which obstruct one of its sidewalks without compensating the abutting owner for loss on account of shade and ornament?

To maintain the affirmative of that question we refer the court to our own decisions. *Hazlehurst* v. *Mayes,* 84 Miss. 7; *Stowers* v. *Telegraph Co.,* 68 Miss. 559.

Is it permissible to destroy without compensation trees situated between the sidewalk and street when reasonably necessary to do so for the purpose of securing a safe and convenient passage by lighting the street and sidewalk, but not permissible to do so without compensation when it is necessary for the purpose of securing a safe and convenient passage not by lighting the streets but by removing the trees themselves?

There is no substantial distinction. The lower court could suggest none. Opposing counsel did not. The only reply the court could, or at least did make, was "the Mayes case is unconstitutional."

This extreme conclusion was not contended for by Judge Mayes in *Slaughter* v. *Railway Co.,* 95 Miss. 275, where he uses the following language: "The Mayes case simply held that where the city owned its own electric plant, constructed and operated for the purpose of furnishing light to the municipality, the use of the streets

for the purpose of maintaining and operating this plant was one of the ordinary uses in contemplation at the time of the original taking.''

The primary right of passage and the right to a reasonably safe, convenient passage, free from serious obstructions, would seem to have been the ''ordinary use in contemplation of the parties at the time of the original taking.''

As was said in *Brahan* v. *Meridian Home Telephone Co.,* 97 Miss. 327: ''The paramount purpose of the sidewalks and the streets is for a public use as such, and when trees obstruct the free use of the street the city undoubtedly has the power to carry out the paramount purpose, and trim or destroy the trees, if such action be necessary to complete its use to the public.''

According to this opinion the town has that right. The city cannot transfer such right to any person or corporation. But it has the right itself to be exercised in its governmental capacity.

In the absence of malice, wilful wrong or oppression, the action of the municipal authorities in determining the necessity of removing trees from the sidewalk will not be reviewed by the courts. *Hazlehurst* v. *Mayes,* 84 Miss. 14.

The above contention of appellant is supported by the great weight of authority in other states. *Chase* v. *City of Oshkosh* (Wis.), 15 L. R. A. 553; *Tate* v. *City of Greensboro* (N. C. 1814), 24 L. R. A. 671; *Rosenthal* v. *City of Goldsboro* (N. C.), 20 L. R. A. (N S.) 809; *Vanderhurst* v. *Tholcke,* 35 L. R. A. 267.

The attention of the court is respectfully called to the case of *Miller* v. *Detroit, etc.* (Mich.), 51 L. R. A. 957, decided in 1900, where the opinion of Justice GRANT says: ''It is established beyond controversy that municipal authorities have the entire control over their highways, streets and sidewalks and may remove shade trees whenever they are an obstruction to the use of the highway

for the public travel, without compensation to the owner.'' *Southern Bell Telephone & Telegraph Co.* v. *Francis,* 31 L. R. A. 195; *Lamdry et al.* v. *City of Lake Charles,* 51 So. 121; Elliott on Roads and Trees (2 Ed.), p. 743; *Weeber* v. *Salt Lake City,* 37 L. R. A. (N. S.) 1115.

*Noel, Boothe & Pepper,* for appellees.

Our first proposition is that the question of necessary removal does not figure in this case and that the trial court properly refused the instructions asked for by the defendant.

The holding of the court in *Hazlehurst* v. *Mayes,* 84 Miss. 7, quoting from the opinion of the court in *Gulf Coast Co.* v. *Bowers,* 80 Miss. 581, and given at length in appellant's argument, is not applicable to the case at bar, the facts and circumstances being entirely different. And we here remarked that the reasons alleged by appellant to have been given by the trial judge for refusing the instructions asked by it, is not a part of the record in this case; but, if the words alleged to have been used to wit: ''The Mayes case is unconstitutional,'' were a part of the record, appellees are not bound by them; for, taking that case from beginning to end in connection with all its facts and circumstances, appellees have no complaint to offer. That case, is so obviously distinguishable from this case that we forbear further comment at this place.

The question at issue was fully discussed by this court in *Slaughter* v. *Railway Co.,* 95 Miss. 251, and at page 275, the court says: ''The case of *Hazlehurst* v. *Mayes,* 84 Miss. 7, 36 So. 33, 64 L. R. A. 805, has no application to this case. The Mayes case simply held that where the city owned its own electric plant, constructed and operated, for the purpose of maintaining and operating this plant was one of the ordinary uses in contemplation of the parties at the time of the original taking.'' And

again at page 281 the court held, "The legislature has no right to say that property of the individual may be taken or injuriously affected for the public good without compensation. Public convenience is not to be subserved at the expense or disadvantage of the private citizen."

The case of *Braham* v. *Meridian Home Telephone Co.,* 97 Miss. 326, quoted by appellant, is strongly declaratory of the rights of the appellees, and the question at issue in the case now before the court, was not in issue in the Braham case.

We do not care to trouble the court with a review of the cases cited by opposing counsel for Alabama, California, Louisiana, Massachusetts, North Carolina, Illinois, Wisconsin, Michigan and Utah. The principle involved must be settled according to the Constitution and laws of Mississippi, and the decisions of our own supreme judicial tribunal. In the Slaughter case, it was held that each state must form its own jurisprudence on the subject under its own Constitution and laws. The case of *Caldwell* v. *George,* 96 Miss. 484, announces a correct rule, but it has no application to the instant case.

COOK, J., delivered the opinion of the court.

The question in this case to be decided is: Did the plaintiffs have a right to recover damages on account of the loss of the trees for shade and ornament, should the jury believe from the evidence that it was reasonably necessary to destroy the shade trees to make the sidewalk safe and convenient for passageway? To present this defense the town of Durant requested these instructions, which were refused, viz.:

"The court instructs the jury, for the defendant, that if they believe from a preponderance of the evidence that the sidewalk where the trees were felled had been continuously and uninterruptedly used by the general public with the knowledge of the respective owners of lot 268, and that such use was exclusive and under claim of right

and for a period of ten years prior to the cutting of said trees, and if the jury believes from the evidence that it was reasonably necessary to make said sidewalk reasonably safe and convenient for passageway to cut and remove said trees, then the town had a right to cut and remove the same, and the jury will not assess any damage against the defendant on account of the loss of said trees for shade and ornament.''

''The court instructs the jury that it will not assess any damages against the town on account of the loss of said trees for shade and ornament.''

Whatever rights the abutting owner may have had in the streets, his rights must yield to the paramount right of the public to a convenient and safe passageway; and the ''incidental right of fitting the way for use.'' There seems to be no conflict in the authorities, so far as we are able to judge, upon this question. Municipalities may, in proper cases, remove shade trees from the streets without incurring any liability, although the abutting owner may be damaged by their removal. The easement over the streets is a paramount right, to which the convenience of individual property owners must give way. If the removal of the trees was unnecessary and arbitrary, appellees would be entitled to recover damages for their removal; but if the removal of the. trees was reasonably necessary in order to improve the highway, the inconvenience and loss of appellees should not be considered by the jury. It was error, therefore, to refuse the instructions asked by appellant.

*Reversed and remanded.*