CITY OF WEST POINT *v.* BARRY.

Nov. 16, 1953

No. 38943 43 Adv. S. 5 67 So. 2d 729

*Noel H. Malone,* West Point, for appellant.

742

*Thos. J. Tubb,* West Point, for appellee.

LEE, J.

This was a suit by George H. Barry against the City of West Point to recover property damages occasioned by the fall of a tree on one of its streets. The case was tried on an agreed statement of facts before the circuit judge, sitting as both judge and jury, and he found for the plaintiff. The city appealed.

The substantial facts are as follows: Calhoun Street in the City of West Point runs north and south, and is 40 feet wide. The pavement is 20 feet wide from curb to curb. A sidewalk was constructed in 1912 on the east side, leaving a 6 foot strip between it and the curb. Through the years this strip was mowed and kept clean by the abutting property owner. On it stood a large oak tree, about 30 inches in diameter, of natural growth which shaded both the street and the adjacent property. Prior to a sleet storm in the winter of 1947-1948, the tree was leaning toward the street at an angle of about 15 degrees,

and, following that storm, it leaned slightly more, but otherwise the tree was sound in all respects.

Barry had a greenhouse on property abutting on the west side of the street. After the sleet storm in 1947-1948, he advised the mayor and a selectman of the leaning condition of the tree, and expressed the fear that it might fall at any time. The mayor responded that it could not be cut except with the consent of the abutting property owner on the east. Nothing was done about the matter. In January 1951, there was an unprecedented sleet and ice storm in that area. The tree was uprooted and fell upon the greenhouse, causing damage in the sum of $1,000.

In Skrmetta v. Moore, 202 Miss. 585, 30 So. 2d 53, it was recognized that the purchaser of a lot abutting a street acquires a fee to the center of the street subject to the dominant use thereof by the public for street purposes.

 In Brahan v. Meridian Home Telephone Co., 97 Miss. 326, 52 So. 485, it was held that trees between the sidewalk and the street are the property of adjacent property owners; but, when they obstruct the free use of the street, the city has the power to trim or destroy them in accordance with the paramount public use. See also Campbell v. Covington County, 161 Miss. 374, 137 So. 111. If the removal of shade trees is reasonably necessary to improve the street, the municipality may do so without liability, even though the abutting owner may be damaged thereby. Town of Durant v. Castleberry, 106 Miss. 699, 64 So. 657.

 It is the duty of a municipality to exercise reasonable care to keep its streets and sidewalks reasonably safe for those using them with reasonable care. Hazlehurst v. Matthews, 180 Miss. 42, 176 So. 384, and authorities there cited. Such duty extends to warding against defects from overhead as well as underfoot. Warren v. City of Tupelo, 187 Miss. 816, 194 So. 293.

In Morris v. Salt Lake City, 101 Pac. 373, a Utah case, where a sidewalk contractor unnecessarily cut tree roots and left the trees standing without support for several days, and the trees were blown down by a wind and caused damage to property on an abutting lot, the city was held liable "for failing to discharge its duty in not removing the trees from a public street when deprived of their support, and in permitting them to remain in that condition so that they might be blown over at any time by an ordinary wind." To the same effect is Jones v. Town of Great Barrington, 174 N. E. 118, a Massachusetts case, where the city permitted a decayed and dangerous tree to stand, after notice of its condition, and it subsequently blew down on property of an abutting owner.

There is no good reason why a municipality should not be held liable to an abutting property owner for damage caused by its negligence in permitting a dangerous tree to stand on the right of way of its street. But in the case here, the tree was sound in all respects. Its only known defect was that it leaned at an angle slightly more than 15 degrees. But it did not fall from an ordinary wind or any other ordinary force of nature. It fell as a result of an unprecedented sleet and ice storm. Allowing a tree such as this one to remain standing did not constitute negligence, for it is a matter of common knowledge that even giant trees of the forest sometimes split, break and fall when wrapped in a heavy coating of sleet and ice.

 Thus the proximate cause of the fall was the unprecedented sleet and ice storm, without which the damage would not have occurred. Thompson v. Mississippi Cent. R. Co., 175 Miss. 547, 166 So. 353; 38 Am. Jur., Negligence, Sec. 75, p. 734.

Consequently the city was not liable; and the judgment of the lower court will be reversed, and a judgment in favor of the city will be entered here.

Reversed and judgment here.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Lotterhos, JJ.,* concur.