Oscar W. Weibel, appellee, v. City of Beatrice, a
municipal corporation, appellant.

79 N. W. 2d 67

Filed November 2, 1956. No. 33983.

*Frederick W. Carstens,* for appellant.

*Sackett, Brewster & Sackett,* for appellee.

Heard before Simmons, C. J., Carter, Messmore,
Yeager, Chappell, Wenke, and Boslaugh, JJ.

Simmons, C. J.

In this action plaintiff seeks to recover damages occa-
sioned by the removal of shade trees from the street
in front of his property and by the relocation of a side-
walk as a part of a street improvement. He filed a
claim with the city, which was denied. On appeal to
the district court issues were made and trial was had
to the court, a jury being waived. Judgment was en-
tered for the plaintiff. The defendant appeals.

We reverse the judgment of the trial court and re-
mand the cause with directions to dismiss.

Plaintiff filed a claim with the defendant asserting
that it had by grading and construction operations

destroyed and removed from his premises four ornamental shade trees, the fair and reasonable value of the trees being $500.

Plaintiff in his petition in the district court alleged the ownership and possession of one and one-half lots in the defendant city which constituted his residence and home. He further alleged that there were four ornamental shade trees growing "on that portion of south sixth street * * * adjacent and opposite" to his property, and that by grading and paving operations the defendant had changed the elevation and grade of the street opposite his premises resulting in the destruction of the trees. He then alleged that the difference in value of his property before and after the destruction of the trees was $500. He prayed judgment for that amount.

The defendant by answer admitted ownership of the described real estate by the plaintiff; denied that its paving operations had caused plaintiff damage; and alleged that it had improved plaintiff's property and that the removal of the trees from the street was necessary in the public interest.

The trial court found generally for the plaintiff; that the construction and improvement of the street had caused a material change; that the plaintiff had been damaged thereby in the sum of $300; and that there were no special benefits shown to be offset against such damage. It entered judgment for the plaintiff in the sum of $300.

The factual situation as nearly as it can be determined from the record, in the light of the court's finding for the plaintiff, is as follows:

The street involved is South Sixth Street and by stipulation has a "platted" width of 66 feet. The plaintiff is the owner of property described by lots and block adjacent to South Sixth Street on its east side. The terms and conditions of the plat of the street or the property or when the plat was made do not appear.

The right of the city to use the street for street purposes is not questioned.

In 1925 or 1926 four houses were built in the block where plaintiff's property is located, his house being the one to the north.

Either the builder or later owners planted trees in the street in front of the property. There is no showing as to whether the trees were planted by city permission or otherwise. The trees were there when plaintiff purchased the property in 1944. His showing of interest, then, is that he bought property with trees growing in the street in front of it.

It does not appear when the street was paved and the sidewalk was built. Evidently for many years the street was paved with a 24-foot width down the center. Apparently a 4-foot wide sidewalk was constructed with a 2-foot space between it and the pavement curb on the east side.

In 1929 the city established a grade for the street which was confirmed by ordinance in 1941.

The trees grew. Two of them in front of plaintiff's property became large shade trees. Two of the trees were ornamental and of no value for shade.

The city's traffic problems grew. Sixth Street became a part of U. S. Highway No. 77 through the city. In 1955 the city improved the street and widened the pavement to 48 feet so as to accommodate two lanes of vehicular travel in each direction. The old sidewalk was removed and a new one installed, all within the street lines.

The public convenience and necessity for the improvement is not challenged. The evidence sustains it.

The center elevation of the new pavement was about 12 inches higher than the old, and at the curb it was about 7 inches higher than the old. Those grades are not in accord with the grade established by ordinance.

It appears clearly from the evidence that the new pav-

ing as such did not disturb the trees involved in this action.

Plaintiff's property sloped downward from his lot line to the old curb. When the curb line was moved 12 feet nearer the lot line, the angle of the incline increased.

The city removed the trees and built a new sidewalk 4 feet wide occupying lengthwise the exact area, so far as plaintiff's property was concerned, where the trees had been. The east line of the new sidewalk was 3 feet out in the street from the lot line of plaintiff's property.

It appears also that the elevation of the ground where the new sidewalk was placed was lowered some 6 inches, requiring the placing of two steps upward to plaintiff's property instead of one.

It is stipulated that there is no claim of negligence in the construction by the city.

In substance the errors assigned here are that the judgment is contrary to the evidence and contrary to law.

The trial court rested its decision in part on the proposition that there had been a change in grade of the street and that damages were recoverable under the provisions of section 16-615, R. R. S. 1943.

We need not determine whether or not there was a change in grade under that act. Assuming it to be so, plaintiff cannot recover on that ground. All of his evidence as to damages goes to the value of the trees and the depreciated value of his property caused by the loss of the shade and ornamental value of the trees. He affirmatively asserted that there was no damage caused by the change of grade as such.

The rules stated by recognized authorities are as follows:

"The title or interest of the abutting owner in the shade trees must yield to the power of the city to grade the street, or to build sidewalks, or otherwise improve it. For any injury resulting therefrom the abutting owner has no redress." 2 Dillon, Municipal Corporations (5th ed.), § 721, p. 1097.

"The owner may recover damages for the unnecessary injury or destruction of shade trees along the sidewalk caused by a change of street grade, or the construction of a sewer. But where the trees are within the lines of the street or sidewalk on which grading is done, the municipality is not liable to abutting owner, should their destruction become necessary in the proper execution of the work." 13 McQuillin, Municipal Corporations (3d ed.), § 37.253, p. 670.

"Subject to the requirement that it must act in good faith and not abuse its exercise of power, the city has the power of control over its streets including parks and all spaces occupied by both the trees and wires thereon; and this power is paramount to any right that either the grower of trees or the owner of wires may acquire thereon." 10 McQuillin, Municipal Corporations (3d ed.), § 30.67, p. 683.

"As a general rule the right of an abutting owner to plant and maintain trees in front of his land within the street is recognized where there is no interference with the public use of the street, even though such owner is not the owner of the fee of the street. It has been held that an abutting owner does not have a true servitude in shade trees planted between the sidewalk and the curb in front of his property, but has a right in the nature of an easement. In any event, his title to, or interest in, trees in the street is subservient to the public right, and to the power of the municipality to regulate and control such trees, as discussed infra § 1693." 64 C. J. S., Municipal Corporations, § 1685, p. 72.

"The power of a municipality over such trees includes the right to remove or trim them where it is reasonably necessary for public safety or convenience, or for the improvement of the street, or its beautification, or for preservation of city sewers; and this power exists, even though the fee of the street is not in the municipality." 64 C. J. S., Municipal Corporations, § 1693, p. 87.

These rules, in principle, were recognized by us in

Bronson v. Albion Telephone Co., 67 Neb. 111, 93 N. W. 201, 60 L. R. A. 426, where we held: "The right of an abutting owner to maintain shade trees upon or overhanging the sidewalk is general and well recognized. In many jurisdictions it is customary; with us it has the sanction of express legislation. But this right is subject to all proper uses of the street for the primary purposes for which it was dedicated or condemned. * * * At one time there was a tendency to attach some weight to the ownership of the fee of the street or highway. But it is becoming well settled, for obvious and convincing reasons, that that question is immaterial."

Other states have faced the same factual problems generally that are in this case. They have reached the conclusion that the city is not liable. We cite Lynch v. Town Council of Georgetown, 21 Del. Ch. 25, 180 A. 594; Webber v. Salt Lake City, 40 Utah 221, 120 P. 503, 37 L. R. A. N. S. 1115; City of West Point v. Barry, 218 Miss. 739, 67 So. 2d 729; Neil v. City of Glendale, 106 Cal. App. 553, 289 P. 877; Ditzen v. Kansas City, 138 Kan. 830, 28 P. 2d 739.

The trial court held that plaintiff's right to recover was grounded also on Article I, section 21, of the Constitution of Nebraska, which is: "The property of no person shall be taken or damaged for public use without just compensation therefor."

Relying on Stocking v. City of Lincoln, 93 Neb. 798, 142 N. W. 104, 46 L. R. A. N. S. 107, we are urged to so hold. Concededly language used in that opinion would sustain the holding of the trial court. There plaintiff's trees were growing between the curb and the lot line. There the jury was permitted to consider evidence as to damage by reason of the digging and removal of the trees. The plain import of the opinion is that the constitutional provision as to damaging property for public use applied, and recovery was allowed.

However, an analysis of the authorities cited do not sustain the opinion in that regard.

The first case cited is City of Omaha v. Flood, 57 Neb. 124, 77 N. W. 379. In that case, for the purpose of determining when a cause of action accrued, we assumed negligent grading of a street and assumed damages resulting therefrom. The rules stated in the syllabus go beyond the issues decided and are based on the assumed fact of negligence and recoverable damages. The decision does not help us here.

The next case cited in Stocking v. City of Lincoln, *supra,* is Bronson v. Albion Telephone Co., *supra.* It states that it was there held: "* * * where an abutting owner has planted trees along the street adjacent to his property, under the terms of a city ordinance pursuant to statutory provisions, a telephone company which removes, destroys, or injures such trees in erecting poles and wires under its franchise is liable for the resulting damage, even though no unnecessary injury is inflicted."

The analysis of that opinion is not complete. The Bronson case turned upon the question of: "* * * whether use of a street or highway for poles and wires is an ordinary use within the contemplation of the parties when it was dedicated or condemned, or is a new and additional burden, for which the abutting owner is entitled to compensation in case of injury."

The opinion is premised on the proposition that the right of an abutting owner to maintain shade trees in the street "is subject to all proper uses of the street for the primary purposes for which it was dedicated or condemned" and as to the particular dedication it "Undoubtedly * * * in the first instance was subject to all ordinary uses to which the street might be put." The opinion held that the use which the defendant telephone company was making of the streets was an "additional burden" for which compensation for injuries caused thereby was recoverable.

Certainly the use of a part of a busy street for sidewalks is an "ordinary use" and not an additional uncontemplated burden. It is a primary purpose of the street.

It would seem that if the city has that superior right that its proper exercise would not call for a payment of damages resulting therefrom.

The next opinion cited in the Stocking case is that of Slabaugh v. Omaha Electric Light & Power Co., 87 Neb. 805, 128 N. W. 505, 30 L. R. A. N. S. 1084. This case seems to have turned on the absence of a legislative act, enacted before the planting of trees, granting the power company authority to trim shade trees growing in the streets. It was decided by a divided court. Judge Sedgwick, dissenting, construed the opinion to be based on the "additional burden" theory. The writer of the opinion in the Stocking case quoted from concurring opinions. The quote from the opinion of Chief Justice Reese seems to be bottomed on the proposition that the trees were planted and growing ahead of the granting of the franchise. The quote from an Alabama decision in the concurring opinion of Judge Letton is to the effect that if there was no necessity for the cutting of the trees, then liability would follow. His concurrence indicates that he rested his views on negligent performance of the right by the power company. The paramount right of the city to the use of the street was not denied in the Slabaugh case.

The Stocking case then quotes at length from Pennsylvania cases. We do not analyze them here for the reason that this whole subject matter is exhaustively considered in Webber v. Salt Lake City, *supra*. There the facts were quite similar to the fact situation here. There a constitutional provision substantially like ours was relied upon. There the court analyzed the decisions and constitutional provisions including those of Pennsylvania, which decisions it refused to follow. The court there denied recovery under the constitutional provision.

We conclude that where a city, exercising its paramount right to the use of a street for the primary purposes for which it was dedicated, removes trees growing

in the street in order to place a sidewalk therein and does so in a proper manner, it is not liable to respond to an adjacent property owner for consequential damages occasioned by a diminution in value of his property caused thereby.

We conclude further that such damages are not within the recoverable damages provided for in Article I, section 21, of the Constitution of Nebraska.

Insofar as in conflict herewith, Stocking v. City of Lincoln, 93 Neb. 798, 142 N. W. 104, 46 L. R. A. N. S. 107, is expressly overruled.

The judgment of the trial court is reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.