## BARRON *v.* CITY OF NATCHEZ

Nos. 40279, 40290    November 19, 1956    90 So. 2d 673

*W. A. Geisenberger,* Natchez; *McClaren & Dixon,* Mc-Comb, for appellants.

*C. L. Collins, Brandon, Brandon, Hornsby & Handy,* Natchez, for appellee.

McGEHEE, C. J.

These appeals are from the action of the Circuit Court of Adams County in sustaining a demurrer to an amended declaration in each of the cases of Mrs. Katherine N. Barron v. City of Natchez, et al., and J. C. Barron v. City of Natchez, et al., wherein the plaintiff in each case was seeking the recovery of damages growing out of the same accident, and which two cases were consolidated by agreement, and briefed and argued together.

In the amended declaration in each case the defendants named were the City of Natchez and T. J. Foster. In the original declarations the City of Natchez, the Southern Bell Telephone and Telegraph Company and T. J. Foster were named as defendants. The City of Natchez and the Southern Bell Telephone and Telegraph Company filed separate answers embodying a demurrer to the original declarations, each of which demurrers were sustained. T. J. Foster entered his appearance but filed no defensive pleading to either the original or an amended declaration. No judgment by default or otherwise was taken eo nomine against Foster.

The orders sustaining the demurrers in each case to the original declaration were rendered on November 9, 1955, and the plaintiff was "allowed thirty days within which to amend the declaration," and the order then provided that "if the plaintiff do not amend the said declaration or if otherwise the plaintiff elects not to plead further, this suit shall be and it is hereby ordered dismissed with prejudice at cost of plaintiff; and plaintiff is granted an appeal."

The amended declaration is each case was filed on December 5, 1955, and therefore within the time allowed for

that purpose. On January 12, 1956, an order was granted in each of the cases sustaining the demurrer of the City of Natchez to the amended declaration in each case, the defendant Southern Bell Telephone and Telegraph Company having been eliminated as such in the amended declaration in each case.

The orders of January 12, 1956, sustaining the demurrer in each case to the amended declaration contained the same provision hereinbefore quoted from the orders of November 9, 1955.

Neither of the plaintiffs elected to plead further in their respective suits, and the same therefore stood dismissed, as by final judgment, thirty days after January 12, 1956, and hence these appeals are from a final judgment.

It is contended by the appellee, the City of Natchez, that the cases were not finally disposed of as to the defendant T. J. Foster, who was the only other defendant with the City of Natchez in the amended declarations, but we are of the opinion that the provision in the order sustaining the demurrer to each of the amended declarations, and which provision of the order is hereinbefore quoted, had the effect of finally dismissing the plaintiffs' entire suit upon failure to plead further within the thirty days allowed. We do not think that either Section 1156, Code of 1942, or Chapter 259, Laws of 1952, precludes the plaintiff in either case from now prosecuting this appeal from the action of the court in sustaining the demurrer of the City of Natchez to the amended declarations and dismissing the plaintiff's suit upon the failure of the plaintiff to further amend within thirty days of the rendition of the orders of January 12, 1956.

It is further contended by the appellee City of Natchez that since no appeal was taken within the time required by law after the rendition of the orders of November 9, 1955, sustaining the demurrers to the original declarations and ordering that the suit be dismissed

unless the plaintiff should plead further within thirty days thereafter, made such action of the trial court in sustaining the demurrers to said original declarations the law of the case, upon the theory that there was no substantial difference between the original declarations and the amended declarations. It is to be noted that the order sustaining the demurrers to the original declarations expressly allowed the plaintiff thirty days within which to plead further, and that the amended declarations were filed within the period allowed. The defendant therefore was not required to appeal on the orders sustaining the demurrers to the original declarations. Nor are we able to agree that there is no material difference between the allegations of the amended declaration in each case and the original declarations.

It is true that both the original and amended declaration in each case alleged that the injury and damages sustained by the plaintiff was due to the fact that a decayed and rotten large oak tree which had stood on the property of the codefendant T. J. Foster was leaning at an angle of several degrees over that part of the "Old Liberty Road" which constituted a public street within the corporate limits of the City of Natchez; that the branches of the tree overhung the part of the street used for public travel; and that the tree fell into the street, crushing the top of the automobile in which Mrs. Katherine N. Barron, wife of J. C. Barron, was riding, but which automobile was owned by J. C. Barron, and severely and permanently injured her, but the amended declarations alleged that about two months prior to the time Mrs. Barron was injured by the falling of this tree into the street, the codefendant T. J. Foster, owner of the property on which the tree was anchored, had notified the City of Natchez of the decayed, rotten and dangerous condition of the tree, and had requested that the City remove the same so that it would not overhang the street. The tree was so badly decayed that the body thereof

broke into two parts when it struck the wires of the telephone company so that the upper end thereof fell into the street. We think that this allegation of notice to the City and of the reasonable time within which the City had an opportunity to cause the said tree to be removed from where it overhung the street after the attention of the municipal authorities had been called to the presence of this alleged danger, renders the amended declarations materially different from the original declarations as to the alleged liability of the City of Natchez and that therefore the action of the court in sustaining the demurrers to the original declarations, and the failure of the plaintiff to appeal from such orders, also prevent them from constituting the law of the case.

The plaintiffs in the two cases in their joint brief have correctly stated that the only question on liability which this Court is called upon to decide on this appeal is whether or not a municipality is liable in damages for the injury sustained by a traveler lawfully using the city streets as the proximate result of the falling of a large decayed tree, the trunk of which stood upon private property but leaned at an angle of several degrees in the direction of the paved surface of the street and over and across the right of way thereof, and the limbs of which tree overhung the traveled portion of the street, the city having both actual and constructive notice of the decayed and dangreous conditon of the tree for a period of more than two months before the tree fell, and where the owner of the private property had requested the city to remove the danger caused by the tree to the traveling public over the street.

This Court in the cases of Warren v. City of Tupelo, 187 Miss. 816, 194 So. 293; City of West Point v. Barry, 218 Miss. 739, 67 So. 2d 729; and City of Hattiesburg v. Hillman, Admrx., 222 Miss. 443, 76 So. 2d 368, recognized the duty of a municipality to remedy a dangerous condition both on and above a traveled street, where the

dangerous object was on the right of way of a street or on the neutral ground thereof.

In the case of Warren v. City of Tupelo, supra, the Court said: "The duty of a municipality to exercise reasonable care to ward against defects from overhead as well as underfoot exists. The danger may be as great from overhead as from underfoot, and it would be charged with that degree of care commensurate with the danger and risk as to trees which are permitted in the neutral ground between the sidewalk and the street, and in a proper case it would be liable for damages ensuing to a pedestrian struck by a limb which had been negligently allowed to remain in a tree for such length of time as to evince want of ordinary care relative thereto. See 43 C. J. 1030, Section 1809, and especially Note 11." See also City of Hazlehurst v. Matthews, 180 Miss. 42, 176 So. 384.

In the case of City of Hattiesburg v. Hillman, supra, there was involved the death of a child of tender years who was struck by a limb which fell from a dead tree growing on the neutral ground between the lot on which the child was playing and the graveled portion of the street. The Court held that the duty of the city to keep its streets reasonably safe for those using them with reasonable care extends to guarding against defects from overhead as well as underfoot. It was stated in that opinion that: "It is also true that while the title to trees standing in the neutral ground is vested in the adjacent property owner, beyond doubt a municipality, in the exercise of reasonable care for the safety of persons and property in and near its dedicated streets, has the right and is under the duty to remove them, if they are dangerous. Brahan v. Meridian Home Telephone Co., 97 Miss. 326, 52 So. 485; Campbell v. Covington County, 161 Miss. 374, 137 So. 111; Town of Durant v. Castleberry, 106 Miss. 699, 64 So. 657; City of West Point v. Barry, supra."

In 25 Am. Jur., Highways, Section 490, (Pocket Part Supplement to p. 778 under Note 15), it was stated that "While there is some authority not in full accord, the majority of the cases considering the question have taken the view that a state or municipality cannot avoid liability for damages caused by the fall of a tree, or limb of a tree, by showing that it stood on private property abutting the highway, rather than on the highway itself, where the tree or limb fell into the highway, and its condition had been such as to put the authorities on notice that it endangered those passing along the highway." To the same effect is the Annotation to the case of Wershba v. City of Lynn, 324 Mass. 327, 86 N. E. 2d 511, 14 A. L. R. 2d 179; Inabinett v. State Highway Department (S. C.), 12 S. E. 2d 848; Brown v. State, 58 N. Y. S. 2d 691; and Fitzgerald v. State, 96 N. Y. S. 2d 452.

In the Inabinett case, supra, the tree which caused the injury was not located on the right of way of the Highway Department, but on the property of a private owner. The Court said:

"It is settled that the tree which caused the injury was growing just off the highway, on the land of Miss Gonzales, within two inches of the line of her land. The question arose and was discussed whether the highway agents or employees could enter the land of Miss Gonzales and remove the tree. We think it is held by most of the courts that such action is not a trespass. but falls within the scope of the duty of the Highway Department to keep the road safe for those who are lawfully upon it.

"In the case of Heath v. Town of Darlington, 175 S. C. 27, 177 S. E. 894, that court quotes from 13 R. C. L. 310: 'The general rule in this country is that municipalities which have full and complete control over the streets and highways within their corporate limits are liable in damages for injuries sustained in consequence of their

failure to use reasonable care to keep them in a reasonably safe condition for public travel.'

"It is not to be understood that the highway officials may at their own free will enter upon the lands of others and cut trees, even for use on the highway, but we do say that if they know, or in the exercise of ordinary care in their duty of keeping the highway safe for public use should know, that a tree is dangerous to the safety of the public in its use of the highway, it is its duty to enter upon the land and remove the danger."

The rule under which the defendant was held liable in the above-mentioned case is stated in the Restatement of the Law, Torts, Section 202, and the South Carolina Court in commenting upon the rule of liability further said:

"A public officer who by virtue of his office or by statute is authorized to abate a public nuisance, is privileged, at reasonable times and in a reasonable manner, to enter land in the possession of another for the purpose of abating such a nuisance."

■■■ The rule supported by the foregoing decisions is to the effect that a municipality is obligated to maintain its highways in a reasonably safe condition for travel by those exercising reasonable care for their own safety, not only with regard to obstructions and defects in the traveled portion of a street, but also with regard to condition adjacent to and above the highway which might reasonably be anticipated to result in injury and damage to the users thereof.

In the case of Brown v. State, supra, the New York Court held that the fact that the trunk of a tree was located outside the highway right of way is of no consequence, particularly where the limbs and branches thereof overhung the traveled portion of the highway.

It is to be conceded that there is no decision of the Mississippi Supreme Court directly in point on the question

of liability here involved, and that some of the authorities cited by the appellee from other jurisdictions support, and others tend to support, the theory of nonliability of the appellee where the dangerous tree is outside of the right of way, but we are of the opinion that the cases relied upon by the appellant hereinbefore mentioned, and the cases therein cited, announced the better rule in support of the contention of the appellant as to whether or not the failure of a municipality to remove a decayed and dead tree when it overhangs a public street is a failure to exercise reasonable care to maintain the street in a reasonably safe condition for the use of those traveling the same who are exercising reasonable care for their own safety.

In other words, we think that the amended declaration states a cause of action and that the demurrers thereto should not have been sustained. In this instance, if it be true, as alleged in the amended declaration, that the owner of the property on which this decayed and dead tree was standing had invited the municipal authorities to remove the same, after giving actual notice to them of the threatened danger, and requesting that the tree be removed, then the appellee would not have been guilty of a trespass in going upon his private property for that purpose.

We are therefore of the opinion that the demurrers to the amended declaration should have been overruled, and that the cases should therefore be reversed and remanded.

Reversed and remanded.

*Hall, Lee, Kyle* and *Holmes,* JJ., concur.