## Scouton *v.* Sullivan County Electric Co., Appellant.

*Shade trees—Damages to—Act of June 2, 1891, P. L. 170.*

On a petition for the appointment of viewers to assess damages claimed for injuries to shade trees, in accordance with the provisions of the Act of June 2, 1921, P. L. 170, an award of one hundred dollars will be affirmed, the amount not being in dispute.

In such case, the fact that the borough had authority to cut, prune or remove the trees in the public highways without responsibility to the owners, and had delegated to the electric light company the right to enter upon the streets of the borough for the purpose of erecting poles and distributing wires, did not abrogate the operation of the law which required corporations, of the class to which the light company belonged, to respond in damages for injuries to private property.

A property owner has a right to maintain shade trees in front of his premises along the line of the sidewalk. Such trees are not

nuisances per se, and the authority of a telegraph, telephone or electric light company to enter upon the streets of a borough to construct their lines, does not necessarily imply the right to remove or mutilate them.

Argued October 29, 1924.   Appeal, No. 144, Oct. T., 1924, by defendant, from decree of C. P. Sullivan Co., March T., 1922, No. 3, affirming report of board of viewers in the case of John G. Scouton v. Sullivan County Electric Company.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Proceedings under the provisions of the Act of June 2, 1921, P. L. 170, to assess damages for injuries to shade trees.   Before TERRY, P. J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the board of viewers. Defendant appealed.

*Error assigned* was, among others, the decree of the court.

*A. W. Duy,* and with him *E. J. Mullen,* for appellant.

*Benjamin M. Kline,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

This is a proceeding under the Act of June 21, 1891, P. L. 170, for the assessment of damages resulting from injury to trees growing in front of the dwelling of the appellee in the Borough of Dushore.   The appellant is an electric light company incorporated in 1919 and authorized to supply light, heat, and power by means of electricity in that borough.   In the prosecution of its business, the appellant cut and trimmed certain shade trees standing at the side of a public street in front of

the appellee's dwelling. The contention of the appellant is that the borough had authority to cut, prune, or remove the trees in the public highways without responsibility to the owners of the trees, and that having delegated to the appellant company the right to enter on the streets of the borough for the purpose of erecting poles and distributing wires, the latter took by necessary implication all the authority which the borough had with respect to trees on the highway. The learned trial judge declined to accept the appellant's view of the law and confirmed the report of the viewers awarding $100 to the appellee. The right of the property owner to maintain shade trees in front of his premises, along the line of the sidewalk, cannot be doubted. Such improvement of property in the boroughs of the Commonwealth is generally recognized as desirable and the owner of the premises has a property right in the trees so situated. The law of the Commonwealth recognizes the value of such shade trees and makes provision in the Act of May 28, 1915, P. L. 573, for the planting, pruning, and otherwise improving shade trees, in the space between the curb, gutter, or actual carriage-way line and the property line. Such trees are not nuisances per se, and the authority of a telegraph, telephone, or electric light company to enter on the streets of a borough to construct their lines, does not necessarily imply the right to remove or mutilate them. Moreover, the Act of June 2, 1891, P. L. 170, expressly provides for the recovery of damages for injury to trees along public highways caused by telegraph, telephone and electric light companies. There was no contract relation with the appellant at the time of its incorporation exempting it from liability for injuries of the character complained of. Its franchise is burdened with the liability provided for in the statute referred to. It is not important to consider what the power of the borough is with respect to the destruction or mutilation of shade trees along the borough streets, but it is clear that the authority given

to the appellant to use the streets did not abrogate the operation of the law which requires corporations of the class to which the appellant belongs to respond in damages for injuries to private property of the kind involved in this proceeding. The statute is a wholesome one; its tendency being to restrain such public service companies from needlessly disfiguring shade trees and thereby impairing the value of the property with which they are connected. We must assume that it was shown the petitioner sustained the injury described in his petition and that being the case he has suffered a personal loss for which the statute allows him compensation. The regularity of the proceeding not being attacked, the judgment of the court must be affirmed.