## Shryock et ux. v. Lower Merion Township

*Detter & Menges*, for plaintiffs; *Larzelere & Wright*, for defendant.

KNIGHT, P. J., August 10, 1934.—The plaintiffs were, in 1931, the owners of a property fronting on Conshohocken State Road, in Lower Merion Township. The township improved the road by changing the 16-feet oil-bound cartway to a 24-feet concrete highway. In carrying out the improvements, the township appropriated twenty-one one thousandths of an acre of the plaintiffs' land and cut down 16 large trees which stood along the road in front of their property. The parties having failed to agree on the amount of damages, a jury of view was appointed, which awarded the plaintiffs the sum of $750. Plaintiffs appealed, and a jury in this court fixed their damages at $3,567. The township then filed this motion, contending that a new trial should be granted for 19 reasons. Since the case must be tried again, we will not attempt to discuss all these alleged errors on the part of the court and the jury, but will confine ourselves to those reasons which are controlling as to the present motion.

The public highway known as the Conshohocken State Road was laid out by act of assembly in 1856. The width was fixed at 40 feet. A jury of view, in 1860, awarded to a predecessor in title of the plaintiffs the sum of $1,000 as damages. This sum was paid, and an opening order issued out of the court of quarter sessions of this county. Thirteen of the sixteen trees removed by the township were within the limits of the 40-feet road laid out by the act of assembly. The damage to the property caused by the loss of these trees was accentuated by the experts on both sides and undoubtedly accounted for the size of the verdict against the township. The trial judge ruled that the value of the 13 trees to the property should be considered by the experts in forming their opinion as to the damages suffered by the plaintiffs. The trial judge also excluded all evidence of the award of damages to the predecessor in title of the plaintiffs, on the ground that it was too remote in time to affect the present situation, and also on the ground that payment is an affirmative defense and the burden was on the defendant to show that the very trees taken were compensated for in the pre-

vious award. These rulings of the trial judge are the subject of several assignments of error.

The right to use the public highways belongs to the people, and public authority may remove all obstructions thereon that may impede the free, safe, and convenient use of the common thoroughfare. When the obstructions are placed within the limits of the highway after it has been laid out or plotted as a public road, these obstructions, as a general rule, may be removed by public authority without liability to the abutting property owner, if the removing is accomplished without negligence and does not constitute an arbitrary and unreasonable exercise of power. Do trees constitute an exception to the general rule?

The planting, care, and preservation of trees along our highways has always been encouraged, especially in residential suburban areas. As was said by our Superior Court in Scouton v. Sullivan County Elec. Co., 84 Pa. Superior Ct. 458, 460: "The right of the property owner to maintain shade trees in front of his premises, along the line of the sidewalk, cannot be doubted. Such improvement of property in the boroughs of the Commonwealth is generally recognized as desirable and the owner of the premises has a property right in the trees so situated. . . . Such trees are not nuisances per se. . . ." The right of the property owner in the trees in front of his property is subject, however, to the superior right of the municipality to remove them when changes in the right of way to accommodate increased traffic or to improve the surface or width of the traveled portion of the highway become necessary. The property owner who plants trees within the limits of the highway knows when he does so that he is planting them in a place that has been appropriated for public use, and that they may be removed without compensation when changing conditions make their removal necessary to accommodate the traveling public.

The exact question now before us does not seem to have been passed upon by our appellate courts, and only two lower court decisions in our State have been called to our attention: Gladdon v. Duncannon Borough, 23 Pa. C. C. 81, and O'Brien v. Montgomery County, 24 Montg. 191. There may be some question if the first case was not overruled by Scouton v. Sullivan County Elec. Co., supra. In the Montgomery County case, however, Judge Swartz decided flatly that an abutting property owner is not entitled to damages for the loss of trees planted by him, or a predecessor in title, within the limits of a highway, when the trees were removed by a municipality in improving the street.

We see no good reason for departing from the ruling and reason of this decision of our own court, which is in harmony with the prevailing opinion of those jurisdictions outside Pennsylvania in which appellate courts have considered the question: Neil et al. v. City of Glendale et al., 106 Cal. App. 553, 289 Pac. 877; Webber v. Salt Lake City, 40 Utah 221; Town of Durant v. Castleberry, 106 Miss. 699, 64 So. 657; Sherman v. Butcher et al., 72 N. J. L. 53; 5 McQuillin, Municipal Corporations (2d ed.), sec. 2149.

Plaintiffs rely strongly upon the case of Seaman v. Washington Borough, 172 Pa. 467 (1896), in which damages for the taking of trees within the limits of the highway were allowed. This, however, was a change of grade case, and hence to be distinguished from the case at bar. A change in the established grade of a highway has much of the aspect of an original taking, and consequential damages caused by a change of grade have long been allowed in cities and boroughs and are now allowed in townships of the first class. True, there was some slight evidence of a change of grade in the present case, but there was nothing from which the jury could have found that the removal of the trees was caused by a change of the established grade.

We are therefore of the opinion that the trial judge erred in admitting evi-

dence as to the value of the 13 trees which were removed from within the limits of the highway. We also think that the trial judge should have admitted in evidence the record of the award of damages to the predecessor in title of the plaintiffs.

A claim for damages by a property owner for the opening of a street must be asserted as an entirety, and if any part of it is omitted the owner is estopped from afterward setting it up: Rogers et al., Admrs., v. Philadelphia, 181 Pa. 243.

If the 13 trees were growing when the Conshohocken Road was laid out, then it must be conclusively presumed that the then owner of the property was compensated for them. Whether or not they were growing at that time was a question of fact for the jury. If they grew since the original opening of the road, then the rule announced in O'Brien v. Montgomery County would apply, for, if the abutting owner is not entitled to damages for trees which he has planted within the limits of the highway, by a much stronger reason he would not be entitled to damages when, as here, the trees grew indiscriminately along the traveled portion of the road.

And now, August 10, 1934, the first and sixth of the additional reasons for a new trial are sustained; the motion is allowed, and a new trial granted.

From Aaron S. Swartz, Jr., Norristown, Pa.